■ YAQOOB KHAN et al., Plaintiffs, v CONVENTION OVER-LOOK, INC., et al., Defendants and Third-Party Plaintiffs, et al., Defendant. ABILENE, INC., Third-Party Defendant and Second Third-Party Plaintiff-Respondent; COUNTRYWIDE FACILITIES CORP., Second Third-Party Defendant-Respondent, AMERICAN HOME ASSURANCE COMPANY, Second Third-Party Defendant-Appellant, et al., Second Third-Party Defendant. [677 NYS2d 377] —In an action to recover damages for personal injuries, etc.,

the second third-party defendant American Home Assurance Company appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated October 9, 1997, as (1) denied that branch of its motion which was for summary judgment against the second third-party plaintiff Abilene, Inc., declaring that it is not obligated to defend and indemnify Abilene, Inc., in this personal injury action and granted that branch of the cross motion of Abilene, Inc., which was for summary judgment declaring that it is so obligated, and (2) denied that branch of its motion which was for summary judgment dismissing the cross claims of the second third-party defendant Countrywide Facilities Corp. insofar as asserted against it and granted that branch of Countrywide Facilities Corp.'s cross motion which was for summary judgment declaring that it had to defend and indemnify Abilene, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, that branch of the motion of American Home Assurance Company which was for summary judgment against the second third-party plaintiff Abilene, Inc., declaring that it is not obligated to defend and indemnify Abilene, Inc., in this personal injury action is granted, that branch of the cross motion of Abilene, Inc., which was for summary judgment declaring that it is so obligated is denied, that branch of the motion of American Home Assurance Company which was for summary judgment dismissing the cross claims of the second third-party defendant Countrywide Facilities Corp. insofar as asserted against it is granted, the cross claims of Countrywide Facilities Corp. insofar as asserted against American Home Assurance Company are dismissed, the second third-party action as against the remaining second third-party defendants is severed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that American Home Assurance Company has no duty to defend or indemnify Abilene, Inc., in this personal injury action.

The plaintiff Yaqoob Khan was injured on October 24, 1990, while working at a construction project. He and his wife commenced this personal injury action in April 1993. A third-party action was commenced against Khan's employer, Abilene, Inc. (hereinafter Abilene), in November 1993. Abilene notified its insurance broker, Countrywide Facilities Corp. (hereinafter Countrywide), of the pending action, but Countrywide did not notify American Home Assurance Company (hereinafter American Home), Abilene's liability carrier. Abilene first notified

American Home of the accident and pending action in March 1995. Neither the plaintiffs nor the defendants in the main action ever provided notice to American Home.

On May 1, 1995, American Home disclaimed coverage based on Abilene's failure to provide timely notice of the occurrence as required by its insurance policy. The disclaimer was sent to Abilene, but not to the plaintiffs or the defendants. Abilene then commenced a second third-party action, *inter alia,* for a judgment declaring that American Home was obligated to defend and indemnify it.

The requirement that an insured notify its carrier of a claim "as soon as practicable" is a condition precedent to coverage (*Government Empls. Ins. Co. v Fasciano,* 212 AD2d 579, 580). Here, Abilene failed to provide timely notice to American Home and is therefore not entitled to a judgment declaring that American Home must defend or indemnify it (*see, Zadrima v PSM Ins. Cos.,* 208 AD2d 529). The notice of disclaimer sufficiently specified the ground for disclaiming coverage (*see, Massachusetts Bay Ins. Co. v Flood,* 128 AD2d 683). Further, Abilene and Countrywide cannot rely upon American Home's failure to send its notice of disclaimer to the plaintiffs or the defendants as a basis for invalidating the disclaimer (*see, Batchie v Travelers Ins. Co.,* 130 AD2d 536).

The respondents' contention regarding the timeliness of American Home's disclaimer may not be raised for the first time on appeal (*see, Matter of Matarrese v New York City Health & Hosps. Corp.,* 247 AD2d 475; *Gross v Aetna Cas. & Sur. Co.,* 240 AD2d 468). Miller, J. P., Altman, McGinity and Luciano, JJ., concur.