■ INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v JUAN P. MENDEZ et al., Respondents, et al., Defendants. [677 NYS2d 615] —In an action for a judgment declaring, *inter alia*, that Interboro Mutual Indemnity Insurance Company is not obligated to defend or indemnify the defendants Pedro Mendez and Angela Mendez in an underlying action commenced by the defendant Jeanette Vargas, Interboro Mutual Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated December 4, 1997, as denied that branch of its motion which was, in effect, for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting therefrom the provisions which denied those branches of the plaintiff's motion which were for summary judgment on so much of the complaint as sought a declaration that the plaintiff is relieved of any duty to defend and/or indemnify the defendant Angela Mendez with respect to the incident which occurred on May 17, 1995, and is relieved of any duty to defend and/or indemnify the defendant Pedro Mendez with respect to the sexual harassment causes of action in the underlying action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed

insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate declaratory judgment, after a hearing and determination as to whether the plaintiff is required to defend and indemnify the defendant Pedro Mendez with respect to the incident which occurred on May 17, 1995.

On May 17, 1995, Angela Mendez struck Jeanette Vargas with a metal air gun. Mendez's husband Pedro, although present, allegedly did not witness the incident. One year later, on or about May 17, 1996, Vargas brought a lawsuit against Mendez and her husband for the injuries she had sustained. Not until July 1, 1996, after receiving the summons in the action, did the Mendezes notify the plaintiff, Interboro Mutual Insurance Company (hereinafter Interboro), of the May 17, 1995, incident. Interboro disclaimed coverage on the ground that the insureds had not given prompt notice of the incident, as required by their homeowners' policy.

Interboro commenced the instant action for a judgment declaring its rights and duties under the policy. The Mendezes sought to compel Interboro to defend and provide insurance coverage to them. The Supreme Court found that an issue of fact exists as to whether the delayed notice by Angela Mendez was reasonable under the circumstances. We disagree.

Notice by the insured to the insurer must be given within the time limit provided for in the policy, or within a reasonable time under all the circumstances (*see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440). Fulfilling the notice requirements is a condition precedent to the insurer's liability (*see, Rushing v Commercial Cas. Ins. Co.*, 251 NY 302), and the failure to satisfy such requirements, absent a valid excuse, vitiates the insurer's obligations under the policy (*see, Deso v London & Lancashire Indem. Co.*, 3 NY2d 127, 129). Angela Mendez's proffered excuses for not providing timely notice of the incident, i.e., an honest, good-faith belief that she was not liable and/or her lack of knowledge that Vargas had been injured, are not reasonable under all the circumstances (*see, Allstate Ins. Co. v Grant*, 185 AD2d 911). However, with respect to the defendant Pedro Mendez, we agree with the Supreme Court that there was a basis upon which he might reasonably be found not to have anticipated any claim against him based on the May 17, 1995, incident. Nevertheless, Interboro is not obligated to defend or indemnify Pedro Mendez as to the sexual harassment causes of action alleged by Vargas as such conduct was not covered under the policy.

In view of our determination, we need not reach the plaintiff's

remaining contentions. Miller, J. P., Altman, McGinity and Luciano, JJ., concur.