■ BARRY SAFER, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant. [678 NYS2d 667] —In an action, *inter alia*, for a judgment declaring that the defendant has a duty to defend and indemnify the plaintiff in an action entitled *Mayerhoff v Safer,* pending in the Supreme Court, Nassau County (Index No. 96-00634), the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated February 13, 1998, as granted that branch of the plaintiff's motion which was for summary judgment declaring that the defendant must defend and indemnify the plaintiff in that action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment declaring that the defendant must defend and indemnify the plaintiff in the action entitled *Mayerhoff v Safer* is denied, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the action entitled *Mayerhoff v Safer*.

On March 13, 1995, the plaintiff, Barry Safer, allegedly was involved in an altercation with Adina Mayerhoff. Mayerhoff served Safer with an amended complaint in or about the middle of August 1996 alleging that she had suffered extreme emotional distress when Safer struck her automobile, "intentionally attempting to physically injure [her]". No allegation was made in the amended complaint that Safer physically struck Mayerhoff herself.

By letter dated October 4, 1996, Safer notified the defendant, Government Employees Insurance Company (hereinafter GEICO) of Mayerhoff's civil action against him and requested that it defend him in accordance with his homeowner's insurance policy, which was in effect at the time of the alleged incident. GEICO refused because Safer had failed to notify it of the alleged incident "as soon as is practical", as required by the subject policy. It also notified Safer that the policy "excludes coverage for bodily injury or property damage 'which is

expected or intended by the insured' ", and that the allegations of the amended complaint fall within that exclusion. In response, Safer commenced the instant action, *inter alia*, for a judgment declaring that GEICO is required to defend and indemnify him in the action commenced by Mayerhoff. The Supreme Court granted Safer's motion for summary judgment declaring that GEICO is obligated to defend and indemnify him in that action. We reverse.

Safer failed to notify GEICO of the accident or occurrence "as soon as is practical", as required by the homeowner's insurance policy. "Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy * * * and the insurer need not show prejudice before it can assert the defense of noncompliance" (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440; *see, American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, 440).

In the instant case, Safer was on notice of the allegations contained in Mayerhoff's amended complaint in or about the middle of August 1996. Thus, regardless of whether the underlying incident fell within the exclusion as defined by Safer's policy with GEICO, the plaintiff's delay in notifying GEICO of the incident until more than one month after he was served with Mayerhoff's amended complaint was unreasonable as a matter of law (*see, Rushing v Commercial Cas. Ins. Co.*, 251 NY 302; *see also, Deso v London & Lancashire Indem. Co.*, 3 NY2d 127 [51 days]; *Quinlan v Providence Wash. Ins. Co.*, 133 NY 356 [33 days]; *Reina v United States Cas. Co.*, 228 App Div 108, *affd* 256 NY 537 [26 days]).

Therefore, that branch of the plaintiff's motion which was for summary judgment declaring that the defendant must indemnify the plaintiff in the action entitled *Mayeroff v Safer* should have been denied, and the matter is remitted for a declaration in favor of the defendant (*see, Lanza v Wagner*, 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Miller, J. P., Thompson, Pizzuto, McGinity and Luciano, JJ., concur.