■ In the Matter of STATE FARM INSURANCE COMPANY, Respondent, v ROBERT ARCHER et al., Respondents, and LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant. [681 NYS2d 338] —In a proceeding to stay arbitration of an uninsured motorist claim, Lumbermens Mutual Casualty Company appeals from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), dated October 21, 1997, which granted the petition and permanently stayed arbitration.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the petitioner, State Farm Insurance Company, is directed to proceed to arbitration.

It is well settled that an insured must give notice to his or her insurer within the time limit provided in the insurance policy or within a reasonable time under all the circumstances, and that absent a valid excuse, failure to satisfy the notice

requirement in an insurance policy vitiates coverage (*see, Matter of Allstate Ins. Co. v Kashkin,* 130 AD2d 744, 745; *see also, Interboro Mut. Indem. Ins. Co. v Mendez,* 253 AD2d 790; *New York Cent. Mut. Fire Ins. Co. v Riley,* 234 AD2d 279; *Matter of Travelers Ins. Co. v Littleton,* 218 AD2d 661). The burden is on the insured to show that there was a reasonable excuse for the delay (*see, Witriol v Travelers Ins. Group,* 251 AD2d 497; *Lukralle v Durso Supermarkets,* 238 AD2d 318; *New York Cent. Mut. Fire Ins. Co. v Riley, supra*).

In the instant case, the one-year delay between the date of the accident and the date Lumbermens Mutual Casualty Company (hereinafter Lumbermens) was notified is undisputed. Furthermore, it is clear from the record that neither Lumbermens' insured, the offending driver, nor the injured party presented any evidence establishing a reasonable excuse for the delay. It is also clear that Lumbermens promptly (within 10 days of receiving notice of the accident) disclaimed coverage.

Accordingly, since Lumbermens' disclaimers were valid, the Supreme Court erred in granting State Farm Insurance Company's petition to stay arbitration. Pizzuto, J. P., Joy, Goldstein and Luciano, JJ., concur.