■ INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v JOHN FATSIS et al., Respondents, et al., Defendants. [718 NYS2d 95] —In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants John Fatsis and William Fatsis in an underlying action entitled *Condon v Fatsis,* pending in the Supreme Court, Nassau County, under Index No. 97-025162, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), dated September 30, 1999, as granted that branch of the motion of the Fatsis defendants which was for partial summary judgment on the issue of whether the plaintiff is obligated to defend them in the underlying action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the Fatsis defendants which was for partial summary judgment is denied, upon searching the record, summary judgment is awarded to the appellant, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the respondents in the underlying action.

The Supreme Court erred in awarding partial summary judgment to the defendants John Fatsis and William Fatsis on the issue of whether the plaintiff is obligated to defend them in the underlying personal injury action. Those defendants failed to provide the plaintiff with notice of the underlying incident within a reasonable time after the occurrence, in violation of the policy requirements, and failed to demonstrate the existence of a good faith belief in nonliability (*see, Matter of State Farm Ins. Co. v Archer,* 256 AD2d 348; *Interboro Mut. Indem. Ins. Co. v Mendez,* 253 AD2d 790; *Metropolitan N. Y. Coordinating Council on Jewish Poverty v National Union Ins. Co.,* 222

AD2d 420; *Zadrima v PSM Ins. Cos.,* 208 AD2d 529; *Winstead v Uniondale Union Free School Dist.,* 201 AD2d 721). Moreover, the underlying incident was an intentional assault that falls within the exclusionary language of the policy *(see, Sphere Drake Ins. Co. v Block 7206 Corp.,* 265 AD2d 78; *Harmann v Allstate Ins. Co.,* 260 AD2d 544; *Mattress Discounters v United States Fire Ins. Co.,* 251 AD2d 384). Accordingly, upon searching the record, we grant summary judgment in favor of the plaintiff and remit the matter to the Supreme Court, Nassau County, for the entry of a judgment making the appropriate declaration *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.