■ TRAVELERS INDEMNITY COMPANY, Appellant, v JOHN WORTHY, III, et al., Defendants, and KAREEM McDONALD, an Infant, by His Mother and Natural Guardian, DIANA McDONALD, et al., Respondents. [721 NYS2d 400] —In an action for a judgment declaring, *inter alia,* that the plaintiff is not obligated to defend and indemnify the defendants John Worthy, III, Patricia Worthy, and Michael Worthy in an underlying action entitled *McDonald v Excellent,* pending in the Supreme Court, Queens County, under Index No. 3667/95, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated September 21, 1999, as denied its cross motion for summary judgment declaring that it is not obligated to defend and indemnify the Worthy defendants in the underlying action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is not obligated to defend and indemnify the Worthy defendants in the underlying action.

Where an insurance policy, such as the one in this case, requires an insured to provide notice of an accident or loss as soon as practicable, such notice must be provided within a reasonable time in view of all of the facts and circumstances (*see, Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799). Providing an insurer with timely notice of a potential claim is a condition precedent, and thus "[a]bsent a valid excuse, a failure to satisfy the notice requirement vitiates the policy" (*Security Mut. Ins.*

*Co. v Acker-Fitzsimons,* 31 NY2d 436, 440). While a good-faith belief of nonliability may excuse or explain a failure to give timely notice, the insured bears the burden of demonstrating that the delay in giving notice was reasonable (*see, Interboro Mut. Indem. Ins. Co. v Mendez,* 253 AD2d 790).

The plaintiff established, prima facie, its entitlement to judgment as a matter of law. In opposition, the excuses offered by the plaintiff's insureds, John Worthy, III, Patricia Worthy, and Michael Worthy (hereinafter the insureds), failed to raise a triable issue of fact as to whether the one-year and three-month delay in notifying the plaintiff was reasonable. There was no evidence of a good-faith belief in nonliability (*cf., Merchants Mut. Ins. Co. v Hoffman, supra*). Further, the excuses asserted to explain the insureds' failure to notify the plaintiff, namely, a good-faith belief that the loss was not covered under the terms of the insurance policy, that notification of their insurance agent was notification of the insurer, and their mistaken belief that their attorney had communicated with the attorney for the injured party, were insufficient as a matter of law to excuse the delay (*see, Serravillo v Sterling Ins. Co.,* 261 AD2d 384; *Horowitz v Transamerica Ins. Co.,* 257 AD2d 560).

Further, the injured party did not provide the plaintiff with written notice of the claim (*see,* Insurance Law § 3420 [a] [3]; *Eveready Ins. Co. v Chavis,* 150 AD2d 332). The plaintiff was not required to cite the injured party's failure to notify it in its disclaimer letter (*see, Agway Ins. v Alvarez,* 258 AD2d 487).

Accordingly, the plaintiff is entitled to summary judgment, and the matter is remitted for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify its insureds in the underlying action (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). O'Brien, J. P., Friedmann, Goldstein and H. Miller, JJ., concur.