■ SAMMY SAYED, Plaintiff, v JOSEPH T. MACARI, Defendant and Third-Party Plaintiff-Respondent. 89-11 NORTHERN BLVD. FOOD CORP. et al., Third-Party Defendants; NATIONAL SURETY CORPORATION, Third-Party Plaintiff-Respondent; TOWER INSURANCE COMPANY, Third-Party Defendant-Appellant. [744 NYS2d 509] —In an action, inter alia, to recover damages for personal injuries, the second third-party defendant, Tower Insurance Company, appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Dye, J.), dated September 25, 2001, which, inter alia, granted the motion of the second third-party plaintiffs for partial summary judgment, denied its cross motion for summary judgment, and declared that it is obligated to defend and indemnify Joseph T. Macari in the main action.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and it is declared that Tower Insurance Company is not obligated to defend or indemnify Joseph T. Macari in the main action.

Where an insurance policy, such as the one in this case, requires an insured to provide notice of an accident or loss as soon as practicable, such notice must be provided within a reasonable time in view of the facts and circumstances (*see Travelers Indem. Co. v Worthy*, 281 AD2d 411). Providing an insurer with timely notice of a potential claim is a condition precedent, and thus "[a]bsent a valid excuse, a failure to satisfy the notice requirement vitiates the policy" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440).

The second third-party defendant, Tower Insurance Company (hereinafter Tower), established, prima facie, its entitlement to judgment as a matter of law. In opposition, the excuses offered by Tower's additional insured, Joseph T. Macari, and his primary insurer, National Surety Corporation, a Fireman's Fund Insurance Company (hereinafter Fireman's), failed to raise a triable issue of fact as to whether the nearly three-month delay in notifying Tower was reasonable. The excuse asserted by Macari and Fireman's to explain Macari's failure to notify—that Fireman's was investigating the claim—was insufficient as a matter of law to excuse the almost three-month delay (*see Travelers Indem. Co. v Worthy, supra* at 412; *Safer v Government Empls. Ins. Co.*, 254 AD2d 344). The fact that Tower acquired actual knowledge of the occurrence from the primary insured did not excuse Macari's noncompliance with the notice provision, since the primary insured held a position adverse to Macari's (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v State Ins. Fund*, 266 AD2d 518, 520; *American Mfrs. Mut. Ins. Co. v CMA Enters.*, 246 AD2d 373).

Accordingly, the Supreme Court erred in concluding that Macari's delay in providing Tower with notice of the accident was reasonable (*see Travelers Indem. Co. v Worthy*, 281 AD2d at 412).

Tower's remaining contentions are academic in light of this determination. Santucci, J.P., Altman, McGinity and Adams, JJ., concur.