In an action for a judgment declaring that the defendant Allcity Insurance Company, sued herein as Empire Insurance Company, is obligated to defend and indemnify the defendants in two underlying actions entitled Singh v Citygas and Estate of Satinderjit Singh v Citygas, pending in the Supreme Court, Kings County under Index Nos. 43848/99 and 6207/00, respectively, the plaintiffs appeal from an order of the Supreme Court, Kings County (R. Rivera, J.), dated August 15, 2002, which denied their motion for summary judgment and granted the defendant’s cross motion for summary judgment.
Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Allcity Insurance Company sued herein as Empire Insurance Company, is not obligated to defend and indemnify the defendant in the underlying actions.
Contrary to the plaintiffs’ contentions, the Supreme Court properly granted the defendant’s cross motion for summary *502 judgment. The acts of Gurmeet Singh Dhinsa (hereinafter Dhinsa), an employee of corporate entities in the underlying actions, do not fall within the coverage provisions of the subject garagekeepers’ insurance policy as they were unrelated to the garage business (see Empire Group Allcity Ins. Co. v Cicciaro, 240 AD2d 362, 363 [1997]). Moreovér, Dhinsa’s actions were intrinsically intentional and thereby excluded from coverage (see Allstate Ins. Co. v Mugavero, 79 NY2d 153, 161 [1992]; RJC Realty Holding Corp. v Republic Franklin Ins. Co., 303 AD2d 573, 574 [2003]; Monter v CNA Ins. Cos., 202 AD2d 405, 406 [1994]). Further, the only policy that named one of Dhinsa’s corporate entities expired prior to the alleged tortious acts. Accordingly, the Supreme Court properly granted the defendant’s cross motion for summary judgment.
Since this is an action for a declaratory judgment, the Supreme Court should have directed the entry of a judgment declaring that Allcity Insurance Company, sued herein as Empire Insurance Company, is not obligated to defend or indemnify the defendant in the underlying actions (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]).
The plaintiffs’ remaining contention is academic in light of our determination. Smith, J.E, Crane, Mastro and Rivera, JJ., concur.