■ PILE FOUNDATION CONSTRUCTION COMPANY, INC., Appellant, v INVESTORS INSURANCE COMPANY OF AMERICA, Respondent. [769 NYS2d 290]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the City of New York in an underlying action entitled *Santorelli v City of New York,* pending in the Supreme Court, Kings County, under Index No. 31007/99, the plaintiff appeals from an order of the Supreme

Court, Nassau County (Franco, J.), entered August 22, 2002, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment declaring, inter alia, that the defendant is not obligated to defend and indemnify the City of New York in the underlying personal injury action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment declaring that the defendant is not obligated to defend and indemnify the City of New York in the underlying personal injury action.

In March 1999 Alfredo Santorelli, an employee of the plaintiff, Pile Foundation Construction Company, Inc. (hereinafter Pile), was injured while working on a construction project undertaken by Pile for the New York City Department of Environmental Protection. In conjunction with this project, Pile obtained a commercial general liability insurance policy from the defendant, Investors Insurance Company of America (hereinafter Investors). It is undisputed that this policy named the City of New York as an additional insured.

In June 1999 Santorelli served a notice of claim upon the City. Approximately five months later, in November 1999, the City sent a copy of this notice of claim to Investors. This was the first notice which Investors received regarding the Santorelli claim. Two weeks after receipt of the notice of claim from the City, Investors sent a letter to the City, with a copy to Pile, in which it disclaimed coverage based upon late notice. Investors did not send a notice of disclaimer to Santorelli. Pile subsequently commenced the instant action seeking, inter alia, a judgment declaring that Investors was obligated to defend and indemnify the City in the personal injury action which Santorelli had commenced against the City. The plaintiff moved for summary judgment, and Investors cross-moved for the same relief. In the order appealed from, the Supreme Court denied the motion and granted the cross motion. We affirm.

Contrary to Pile's contention, it cannot rely upon Investors' failure to send its notice of disclaimer to Santorelli as a basis for invalidating the disclaimer which Investors timely sent to the City (see *Agway Ins. v Alvarez,* 258 AD2d 487 [1999]; *Khan v Convention Overlook,* 253 AD2d 737 [1998]; *Batchie v Travelers Ins. Co.,* 130 AD2d 536 [1987]; cf. *Markevics v Liberty Mut. Ins. Co.,* 97 NY2d 646 [2001]).

Furthermore, it is well settled that where an insurance policy, such as the one involved in this case, requires an insured to provide "notice of the claim or 'suit' as soon as practicable," such notice must be provided within a reasonable time in view

of all of the facts and circumstances (*see Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799 [1982]; *Travelers Indem. Co. v Worthy,* 281 AD2d 411 [2001]). Providing an insurer with timely notice of a potential claim is a condition precedent and thus "[a]bsent a valid excuse, a failure to satisfy the notice requirement vitiates the policy" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440 [1972]).

Investors established, prima facie, its entitlement to judgment as a matter of law by demonstrating that the City failed to provide Investors with notice of Santorelli's notice of claim until five months after Santorelli served his notice upon the City. Moreover, neither Pile nor the City offered any excuse to justify the delay in notifying Investors about Santorelli's personal injury claim. Under such circumstances, the delay in notifying Investors about the underlying tort claim was unreasonable as a matter of law (*see 1700 Assoc. v Public Serv. Mut. Ins. Co.,* 256 AD2d 456 [1998]; *Can-Am Roofing v American States Ins. Co.,* 229 AD2d 973 [1996]). Accordingly, Investors properly disclaimed coverage for the Santorelli lawsuit, and the Supreme Court correctly granted summary judgment to Investors. Santucci, J.P., S. Miller, Goldstein and Cozier, JJ., concur.