■ ANGELA VIGGIANO et al., Appellants, v ENCOMPASS INSURANCE COMPANY/FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, et al., Respondents. [775 NYS2d 533]—

In an action for a judgment declaring, inter alia, that the defendant Encompass Insurance Company/Fireman's Insurance Company of Newark, New Jersey, is obligated to defend the defendant Mary Corso in an underlying action entitled *Viggiano v Corso,* pending in the Supreme Court, Nassau County, under Index No. 004536/02, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated February 10, 2003, which granted the motion of the defendant Encompass Insurance Company/Fireman's Insurance Company of Newark, New Jersey, for summary judgment declaring that it is not so obligated.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant Encompass Insurance Company/Fireman's Insurance Company of Newark, New Jersey, is not obligated to defend the defendant Mary Corso in the underlying action.

The requirement that an insured comply with the notice provision of an insurance policy operates as a condition precedent to coverage (*see White v City of New York,* 81 NY2d 955, 957 [1993]; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576, 581 [1992]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440 [1972]; *Genova v Regal Mar. Indus.,* 309 AD2d 733 [2003]). Absent a valid excuse, the failure to comply with the notice requirement vitiates the policy, and an insurer need not demonstrate prejudice before it can assert the defense of noncompliance (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., supra* at 440).

Here, the written disclaimer of coverage sent to the defendant insured, Mary Corso, for her failure to satisfy the notice

requirement of the policy was effective against the plaintiffs since they did not exercise their right to provide independent notification of the claim pursuant to Insurance Law § 3420 (a) (3) (*see Matter of First Cent. Ins. Co.*, 3 AD3d 494 [2004]; *Travelers Indem. Co. v Worthy*, 281 AD2d 411 [2001]; *Agway Ins. v Alvarez*, 258 AD2d 487 [1999]).

The defendant insurer, Encompass Insurance Company/ Fireman's Insurance Company of Newark, New Jersey, satisfied its prima facie entitlement to judgment as a matter of law, and the plaintiffs failed to raise a triable issue of fact as to whether Mary Corso's delay in providing notice of the claim was reasonable (*see generally Sayed v Macari*, 296 AD2d 396 [2002]; *Travelers Indem. Co. v Worthy, supra*). As such, Encompass was entitled to summary judgment.

The plaintiffs' remaining contention is without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that Encompass is not obligated to defend Mary Corso in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Altman, J.P., S. Miller, Krausman and Cozier, JJ., concur.