■ BLUE RIDGE INSURANCE COMPANY, Respondent, v CARMELO JIMINEZ et al., Appellants. [777 NYS2d 204]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Luis A. Alvarez and Maria Alvarez in an action entitled *Jiminez v Alvarez*, pending in the Supreme Court, Kings County, under Index No. 50480/00, the defendant Carmelo Jiminez appeals, and the defendants Luis A. Alvarez and Maria Alvarez separately appeal, from an order of the Supreme Court, Kings County (Douglass, J.), dated January 22, 2003, which granted the plaintiff's motion for summary judgment and denied their respective cross motions for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

On October 8, 2000, the defendant Carmelo Jiminez allegedly was injured when he fell while descending exterior stairs at the home of his nephew and his nephew's wife, the defendants Luis

Alvarez and Maria Alvarez. Jiminez subsequently commenced an action against the Alvarezes and served them with process on January 5, 2001. On January 10, 2001, the plaintiff, the Alvarezes' insurer, was first notified of the occurrence when they forwarded a copy of the summons with notice to it.

The plaintiff promptly began an investigation and statements were taken from the Alvarezes about one week later. They indicated that they first became aware of the alleged accident within a day or two of its occurrence. By letter dated February 6, 2001, the plaintiff disclaimed coverage, but also reserved its rights in the matter. The plaintiff then commenced this action seeking, inter alia, a declaration that it is not obligated to defend or indemnify the Alvarezes because the over 90-day delay in providing notice constituted a material breach of the policy which required written notice of an occurrence "as soon as practical." The Supreme Court granted the plaintiff's motion for summary judgment and denied the separate cross motions of Jiminez and the Alvarezes for summary judgment.

A "reservation of rights" letter does not constitute an effective notice of disclaimer (*see Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028 [1979]; *Haslauer v North Country Adirondack Coop. Ins. Co.,* 237 AD2d 673 [1997]; *Matter of Aetna Cas. & Sur. Co. v Rosen,* 205 AD2d 684 [1994]). Here, however, the plaintiff's letter dated February 6, 2001, specifically disclaimed coverage and sufficiently informed the defendants that the disclaimer was based on the Alvarezes' failure to give timely notice of the occurrence. Consequently, the Supreme Court properly concluded that the disclaimer was effective. Further, the plaintiff's 27-day delay in disclaiming coverage was reasonable as a matter of law. The plaintiff promptly commenced an investigation when it received notice, and the investigation revealed that the Alvarezes learned of the alleged accident within days of its occurrence. The plaintiff then issued its disclaimer (*see Generali-U.S. Branch v Rothschild,* 295 AD2d 236 [2002]; *Farmbrew Realty Corp. v Tower Ins. Co. of N.Y.,* 289 AD2d 284 [2001]; *2540 Assoc. v Assicurazioni Generali,* 271 AD2d 282 [2000]).

However, based, inter alia, on the affidavit of Mr. Alvarez submitted in opposition to the plaintiff's motion, there is a question of fact as to whether, under the circumstances, the Alvarezes had a reasonable, good-faith belief in nonliability which would excuse their delay in providing notice to the plaintiff (*see Argentina v Otsego Mut. Fire Ins. Co.,* 86 NY2d 748 [1995]; *Genova v Regal Mar. Indus.,* 309 AD2d 733 [2003]). Consequently, the Supreme Court should have denied the plaintiff's motion for summary judgment.

Finally, the defendants contend that New York should abandon the rule that an insured's failure to provide timely notice of an occurrence vitiates the insurance policy and relieves the insurer of its obligations even in the absence of prejudice (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). However, whether such precedent should be overruled is a matter for the Court of Appeals. Santucci, J.P., Altman, S. Miller and Goldstein, JJ., concur.