■ QUALITY INVESTORS, LTD., et al., Appellants, v LLOYD'S LONDON, ENGLAND, Respondent. [782 NYS2d 761]—

In an action to recover under an insurance policy, the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter Patsalos, J.), dated August 18, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The requirement that an insured comply with the notice provision of an insurance policy operates as a condition precedent to coverage (see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d 436, 440 [1972]; Viggiano v Encompass Ins. Co./Fireman's Ins. Co. of Newark, N.J., 6 AD3d 695 [2004]; Travelers Ins. Co. v Volmar Constr. Co., 300 AD2d 40, 42 [2002]; Power Auth. of State of N.Y. v Westinghouse Elec. Corp., 117 AD2d 336, 339 [1986]). Absent a valid excuse, the failure to comply with the notice requirement vitiates the policy, and an insurer need not demonstrate prejudice before it asserts the defense of noncompliance (see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., supra; Blue Ridge Ins. Co. v Jiminez, 7 AD3d 652, 654 [2004]; Viggiano v Encompass Ins. Co./Fireman's Ins. Co. of Newark, N.J., supra; Power Auth. of State of N.Y. v Westinghouse Elec. Corp., supra at 339).

The plaintiffs' insurance policy required them to notify the defendant immediately of "any happening likely to give rise to a claim." The defendant demonstrated that the plaintiffs did not give notice for more than three months, and perhaps for as long as 11 months. In opposition to this prima facie establishment of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to their failure to provide the defendant with timely notice. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

In view of the foregoing, we do not reach the plaintiffs' remaining contention. Florio, J.P., Mastro, Rivera and Fisher, JJ., concur.