■ BRENNAN BROS. CO., INC., Appellant, v LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent. (And Another Action.) [789 NYS2d 428]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in two underlying actions to recover damages for personal injuries entitled *Midura v 740 Corp.*, and *Midura v I. Grace Co. Inc.*, pending in the Supreme Court, Kings County, under index Nos. 727/98 and 6144/00, respectively, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated September 22, 2003, as, upon reargument, adhered to so much of a prior order of the same court dated November 15, 2002, as denied its motion for summary judgment and, in effect, vacated so much of that prior order as denied the defendant's cross motion for summary judgment seeking a declaration that it was not obligated to defend or indemnify the plaintiff in the underlying actions, and granted the cross motion.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in

the underlying actions to recover damages for personal injuries entitled *Midura v 740 Corp.*, and *Midura v I. Grace Co., Inc.*, pending in the Supreme Court, Kings County, under index No. 727/98 and index No. 6144/00, respectively.

Generally, as a condition precedent to an insurer's obligation to defend or indemnify, the insured must provide notice of any occurrence to the insurer within a reasonable period of time (*see C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304 [2003]; *Pierre v Providence Wash. Ins. Co.*, 286 AD2d 139 [2001], *affd* 99 NY2d 222 [2002]). Failure to comply with the notice requirement vitiates coverage unless the insured had reasonable belief of nonliability (*see Viggiano v Encompass Ins. Co./Fireman's Ins. Co. of Newark, N.J.*, 6 AD3d 695 [2004]; *Pile Found. Constr. Co. v Investors Ins. Co. of Am.*, 2 AD3d 611, 612-613 [2003]). The insured bears the burden of proof of demonstrating that such belief was reasonable (*see Rondale Bldg. Corp. v Nationwide Prop. & Cas. Ins. Co.*, 1 AD3d 584 [2003]; *United Talmudical Academy of Kiryas Joel v Cigna Prop. & Cas. Co.*, 253 AD2d 423, 424 [1998]; *Kreger Truck Renting Co. v American Guar. & Liab. Ins. Co.*, 213 AD2d 453, 454 [1995]). In this case, the plaintiff failed to prove that its belief in nonliability was reasonable, so as to excuse its failure to comply with the policy's requirement to supply Lumbermens Mutual Casualty Company with notice of the occurrence within a reasonable period of time.

The plaintiff's remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying actions (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.