■ ALAN R. KAHN, Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents. [793 NYS2d 120]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Skelos, J.), dated April 23, 2004, which denied his mo-

tion for summary judgment, granted the cross motion of the defendant Public Service Mutual Insurance Company for summary judgment dismissing the complaint insofar as asserted against it, and, upon searching the record, granted summary judgment to the defendant Allstate Insurance Company pursuant to CPLR 3212 (b) dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff commenced this action to recover damages for breach of contract alleging that the defendants wrongfully disclaimed insurance coverage and refused to defend him in an underlying action entitled *Besicorp, Ltd. v Kahn.* "[A]n insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (*Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 443 [2002] [internal quotation marks omitted]; *see Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65 [1991]). "However, an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Town of Massena v Healthcare Underwriters Mut. Ins. Co., supra* at 445).

The allegations asserted in the amended complaint as to the plaintiff in the underlying action cast that pleading solely and entirely within the exclusions for intentional conduct contained in the insurance policies issued by the defendants in this action. Therefore, there was no possible factual or legal basis upon which they may have been obligated to indemnify him (*see Physicians' Reciprocal Insurers v Loeb*, 291 AD2d 541 [2002]; *Interboro Mut. Indem. Ins. Co. v Fatsis*, 279 AD2d 450, 451 [2001]). "As a matter of policy, conduct engaged in with the intent to cause injury is not covered by insurance" (*Town of Massena v Healthcare Underwriters Mut. Ins. Co., supra* at 445).

In any event, "as a condition precedent to an insurer's obligation to defend or indemnify, the insured must provide notice of any occurrence to the insurer within a reasonable period of time" (*Brennan Bros. Co., Inc. v Lumbermens Mut. Cas. Co.*, 14 AD3d 525, 526 [2005]; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304 [2003]). The defendant Public Service Mutual Insurance Company demonstrated that the plaintiff did not give notice of his claim for 67 days and did not provide a copy of the pleading in the underlying action for 74 days or until three days after his privately-retained attorney

moved for summary judgment. In opposition to this prima facie establishment of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to his failure to provide the defendants with timely notice (*see Quality Invs., Ltd. v Lloyd's London, England*, 11 AD3d 443 [2004]; *Brennan Bros. Co., Inc. v Lumbermens Mut. Cas. Co., supra*). Accordingly, the Supreme Court properly granted the cross motion of the defendant Public Service Mutual Insurance Company for summary judgment dismissing the complaint insofar as asserted against it (*see* CPLR 3212), and, upon searching the record, properly granted summary judgment to the defendant Allstate Insurance Company dismissing the complaint insofar as asserted against it (*see* CPLR 3212 [b]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.