PAUL DEVELOPERS, LLC, et al., Respondents, v MARYLAND CASUALTY INSURANCE COMPANY et al., Appellants, et al., Defendants. [816 NYS2d 75]—

In an action, inter alia, in effect, for a judgment declaring that the defendants Maryland Casualty Insurance Company, Zurich Group of Insurance Companies, and Assurance Company of America are obligated to defend and indemnify the plaintiffs in an action entitled *Garcia v Paul Developers, LLC,* pending in the Supreme Court, Suffolk County, under Index No. 17704/02, the defendants Maryland Casualty Insurance Company, Zurich Group of Insurance Companies, and Assurance Company of America appeal from (1) so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 5, 2004, as denied their cross motion for summary judgment declaring that they are not obligated to defend and indemnify the plaintiffs in the underlying action, and (2) an order of the same court dated February 15, 2005, which denied their motion for leave to renew and/or reargue the prior cross motion for summary judgment.

Ordered that the order dated May 5, 2004, is reversed insofar as appealed from, on the law, the cross motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendants Maryland Casualty Insurance Company, Zurich Group of Insurance Companies, and Assurance Company of America are not obli-

gated to defend or indemnify the plaintiffs in the underlying action; and it is further,

Ordered that the appeal from the order dated February 15, 2005, is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The defendant Assurance Company of America (hereinafter Assurance) issued a general liability insurance policy to the plaintiff Emmy Homes, LLC, naming the plaintiffs Paul Developers, LLC, and Foxridge Associates, LLC, as additional insureds. The policy, procured by the plaintiffs' insurance broker, the defendant Borg & Borg, Inc., obligated the plaintiffs to notify Assurance "as soon as practicable of an 'occurrence' . . . which may result in a claim."

During the policy period, on June 11, 2001, Santos Garcia was injured when he was struck by windblown plywood while performing construction work at the plaintiffs' job site. By letter dated November 30, 2001, Siben & Siben, LLP (hereinafter Siben & Siben), Garcia's attorneys, sent written notification of Garcia's claim to the plaintiffs Paul Developers, LLC, and Foxridge Associates, LLC. On August 9, 2002, the plaintiffs faxed a copy of the complaint in the underlying action to Assurance's claims adjuster. By letter dated August 12, 2002, the insurer disclaimed coverage based upon late notice; the letter noted that "[o]ur file reveals that your company received notice of this loss pursuant to a letter of representation from Siben and Siben dated 11/30/01. Assurance Company of America received first notice of this loss on 8/6/02."

The plaintiffs subsequently commenced the instant action, inter alia, in effect, for a judgment declaring that the defendants Maryland Casualty Insurance Company, Zurich Group of Insurance Companies, and Assurance (hereinafter collectively Zurich) were obligated to defend and indemnify them in the underlying action. Zurich cross-moved for summary judgment, arguing that the plaintiffs failed to comply with the notice provision of the insurance policy. The Supreme Court denied the cross motion on the ground that a triable issue of fact existed as to when Zurich received notice of the Siben & Siben letter dated November 30, 2001. We reverse.

"Where an insurance policy requires that notice of an occurrence be given promptly, notice must be given within a reasonable time in view of all of the facts and circumstances" (*Eagle Ins. Co. v Zuckerman,* 301 AD2d 493, 495 [2003]; *see Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799, 801-802 [1982]). "Providing an insurer with timely notice of a potential claim is a condition precedent, and thus '[a]bsent a valid excuse, a fail-

ure to satisfy the notice requirement vitiates the policy' " (*Sayed v Macari*, 296 AD2d 396, 397 [2002], quoting *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). " 'Where there is no excuse or mitigating factor, the issue [of reasonableness] poses a legal question for the court,' rather than an issue for the trier of fact" (*SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583, 584 [1998], quoting *Hartford Acc. & Indem. Co. v CNA Ins. Cos.*, 99 AD2d 310, 313 [1984]).

Zurich established, prima facie, entitlement to judgment as a matter of law by demonstrating that the plaintiffs received notice of the underlying claim on or about November 30, 2001, yet failed to give notice to them until August 2002, over eight months later (*see Pile Found. Constr. Co. v Investors Ins. Co. of Am.*, 2 AD3d 611, 612 [2003]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Zurich received notice of the underlying claim prior to August 2002 (*see Viggiano v Encompass Ins. Company/ Fireman's Ins. Co. of Newark, N.J.*, 6 AD3d 695, 696 [2004]; *Sayed v Macari, supra* at 397). The fact that the plaintiffs may have provided timely notice to their own broker is of no consequence. Notice to a broker cannot be treated as notice to the insurer since the broker is normally deemed to be the agent of the insured and not the carrier (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., supra* at 442; *Matter of First Cent. Ins. Co.*, 3 AD3d 494 [2004]; *Bennion v Allstate Ins. Co.*, 284 AD2d 924 [2001]; *Serravillo v Sterling Ins. Co.*, 261 AD2d 384, 385 [1999]; *Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co.*, 199 AD2d 374, 376 [1993]).

Under these circumstances, the over eight-month delay was unreasonable as a matter of law and justified Zurich's disclaimer (*see DiGuglielmo v Travelers Prop. Cas.*, 6 AD3d 344, 346 [2004]; *Sayed v Macari, supra*; *Safer v Government Empls. Ins. Co.*, 254 AD2d 344, 345 [1998]). Accordingly, the Supreme Court erred in denying Zurich's cross motion for summary judgment.

Zurich's appeal from so much of the order dated May 5, 2004, as denied that branch of Zurich's motion which was for leave to renew must be dismissed as academic, in light of our determination granting Zurich's cross motion, and we dismiss Zurich's appeal from so much of the order dated May 5, 2004, as denied reargument on the ground that no appeal lies from an order denying reargument.

Since this action seeks, in effect, a declaratory judgment, we remit the matter to the Supreme Court, Suffolk County, for the

entry of a judgment declaring that Zurich is not obligated to defend or indemnify the plaintiffs in the underlying action (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.