■ RAEL AUTOMATIC SPRINKLER COMPANY, INC., Plaintiff, v SCHAEFER AGENCY, Defendant and Third-Party Plaintiff-Appellant. UTICA MUTUAL INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [821 NYS2d 118]—

In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated April 4, 2005, which upon, in effect, treating the motion of the third-party defendant Utica Mutual Insurance Company pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint insofar as asserted against it as a motion for summary judgment dismissing the third-party complaint insofar as asserted against it, granted the motion.

Ordered that the order is affirmed, with costs.

Compliance with an insurance policy notice provision is a condition precedent to coverage, and the failure to comply vitiates the policy (*see White v City of New York*, 81 NY2d 955, 957 [1993]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*,

31 NY2d 436, 440 [1972]; *Quality Invs., Ltd. v Lloyd's London, England*, 11 AD3d 443 [2004]; *Yarar v Children's Museum of Manhattan*, 4 AD3d 420, 421 [2004]). The insured has the burden of demonstrating a reasonable excuse for the delay in providing notice (*see White v City of New York, supra* at 957; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., supra* at 441).

Here, the respondent insurer established its prima facie entitlement to summary judgment by presenting evidence demonstrating that the appellant, its insured, became aware of an alleged "wrongful act" under its Agents and Brokers Errors and Omissions Insurance policy approximately 21 months before notifying the insurer of it. The policy contained a provision obligating the insured to notify the insurer "in writing as soon as practicable of any 'wrongful act' which may result in a 'claim.'" Thus, the insured failed to fulfill a condition precedent to coverage.

In opposition, the insured failed to raise a triable issue of fact (*see Quality Invs., Ltd. v Lloyd's London, England, supra; see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Therefore, the Supreme Court properly granted the insurer's motion.

The insured's remaining contentions are without merit. Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.