In the Matter of TEMPLE CONSTRUCTION CORP. et al., Appellants, v SIRIUS AMERICA INSURANCE COMPANY, Respondent. [837 NYS2d 689]—

In a "proceeding" for a judgment declaring that Sirius America Insurance Company is obligated to defend and indemnify

Temple Construction Corp. and Bokharian Jewish Community Center, Inc., in an action entitled *Ramos v Havurat Yisrael,* pending in the Supreme Court, Kings County, under index No. 27395/04, the appeal is from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 16, 2006, which granted the motion of Sirius America Insurance Company to dismiss the petition.

Ordered that the proceeding is converted into an action for a declaratory judgment, and the notice of petition and petition are deemed to be a summons and complaint (*see* CPLR 103 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of Sirius America Insurance Company which was to dismiss the cause of action asserted by Bokharian Jewish Community Center, Inc., for a declaration that Sirius America Insurance Company is obligated to defend and indemnify Bokharian Jewish Community Center, Inc., in the underlying action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, and the cause of action asserted by Bokharian Jewish Community Center, Inc., for a declaration that Sirius America Insurance Company is obligated to defend and indemnify it in the underlying action is reinstated; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for the entry of an interlocutory judgment declaring that Sirius America Insurance Company is not obligated to defend and indemnify Temple Construction Corp. in the underlying action.

In July 2004 Jeffrey Ramos allegedly sustained injuries while working for Temple Construction Corp. (hereinafter Temple) on a construction project on the premises of Bokharian Jewish Community Center, Inc. (hereinafter Bokharian). Sirius America Insurance Company (hereinafter Sirius), which issued separate insurance policies covering Temple and Bokharian during the relevant time period, disclaimed coverage to both Temple and Bokharian based on the failure of each to timely notify it of the occurrence referenced in the underlying action. Temple and Bokharian then commenced this "proceeding," seeking a declaration that Sirius must appear and defend them in the underlying personal injury action. The Supreme Court concluded that Temple and Bokharian failed to comply with the notice provisions of their respective policies, and granted Sirius's motion to dismiss the petition. Temple and Bokharian appeal.

Initially, we convert this proceeding into a civil action for a

judgment declaring that Sirius is obligated to defend and indemnify Temple and Bokharian in the underlying action and treat the notice of petition and petition as a summons and complaint (*see* CPLR 103 [a]).

Generally, the requirement that an insured provide notice of any occurrence to the insurance company within a reasonable time is considered a condition precedent to the insurer's obligation to defend or indemnify the insured (*see White v City of New York,* 81 NY2d 955, 957 [1993]; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.,* 1 AD3d 304, 304-305 [2003]). Absent a showing of legal justification, the failure to comply with the notice condition vitiates coverage (*see White v City of New York, supra; Rael Automatic Sprinkler Co., Inc. v Schaefer Agency,* 32 AD3d 835 [2006]).

The evidence presented by Sirius established that it was first given notice of the occurrence by Temple on or about December 22, 2004 when Temple forwarded the original summons and complaint in the underlying action, which named Temple as a defendant, to Sirius. The evidence further demonstrated that Sirius was first given notice of the occurrence by Bokharian on or about May 4, 2005 when Bokharian forwarded the amended summons and complaint in the underlying action, which named Bokharian as a defendant, to Sirius. An affidavit submitted with the petition demonstrated that both Temple and Bokharian were aware of the occurrence by July 26, 2004, the date of the incident, at the latest. Thus, Sirius established that Temple's 5-month delay, and Bokharian's 10-month delay, in notifying it of the occurrence, were unreasonable as a matter of law (*see Paul Developers, LLC v Maryland Cas. Ins. Co.,* 28 AD3d 443, 445 [2006]; *Public Serv. Mut. Ins. Co. v Harlen Hous. Assoc.,* 7 AD3d 421, 422 [2004]).

Temple and Bokharian assert that notice of the occurrence was provided to Sirius the day after the accident by notice to a nonparty insurance broker, Northeastern Group, Ltd. (hereinafter Northeastern). "In general, an insurance broker is considered the agent of the insured, not the insurance company, and notice to the broker is not deemed notice to the insurance company" (*MTO Assoc., Ltd. Partnership v Republic-Franklin Ins. Co.,* 21 AD3d 1008, 1008 [2005]). However, "a broker will be held to have acted as the insurer's agent where there is some evidence of 'action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred' " (*Rendeiro v State-Wide Ins. Co.,* 8 AD3d 253, 253 [2004], quoting *Bennion v Allstate Ins. Co.,* 284 AD2d 924, 925 [2001]).

The evidence in the record failed to establish any basis for the

claim that Northeastern was Sirius's agent. Northeastern was not listed as an agent—or otherwise—in the insurance policies issued to Temple and Bokharian. Nor was there evidence that any employee of Temple or Bokharian had any contact with Northeastern or its employees prior to the occurrence pertaining to the underlying action. Nor do Temple or Bokharian claim that they purchased their insurance policies from Northeastern. Temple and Bokharian failed to establish that Northeastern possessed any general authority to represent Sirius and accept notice of occurrence on its behalf (*see Paul Developers, LLC v Maryland Cas. Ins. Co., supra; cf. Rendeiro v State-Wide Ins. Co., supra*).

Temple further contends that Sirius's delay in disclaiming from the time it was first notified of the occurrence until it sent Temple its disclaimer letter, dated December 30, 2004, was unreasonable as a matter of law. This contention is without merit, as Sirius did not receive notice of the occurrence from Temple until December 22, 2004, at the earliest. Thus, Sirius disclaimed as to Temple within a period of approximately eight days, which, as a matter of law, cannot be deemed unreasonable (*see e.g. Steinberg v Hermitage Ins. Co.,* 26 AD3d 426, 427 [2006]; *State Farm Mut. Auto. Ins. Co. v Daniels,* 269 AD2d 860, 861 [2000]).

However, Sirius failed to establish, as a matter of law, that its 47-day delay in disclaiming to Bokharian from the time it was first notified of the occurrence by Bokharian on May 4, 2005, until it sent Bokharian its disclaimer letter, dated June 20, 2005, was reasonable. Although Sirius contended that the delay was warranted by its need to investigate the occurrence, the record is silent as to the date Sirius completed its investigation. Even though Bokharian did not provide Sirius with timely notice of the occurrence, Sirius's failure to provide timely notice of its disclaimer to Bokharian would result in loss of its disclaimer's effectiveness (*see Matter of Allstate Ins. Co. v Cruz,* 30 AD3d 511, 512 [2006]).

In view of the foregoing, and upon consideration of all of the evidence presented, the Supreme Court erred in granting that branch of Sirius's motion which was to dismiss the cause of action asserted by Bokharian for defense and indemnification in the underlying action (*see Morris Park Contr. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 33 AD3d 763, 767 [2006]).

The remaining contentions of Temple and Bokharian are without merit.

We note that since this is a declaratory judgment action, the court should not have dismissed the cause of action asserted by Temple, but should have entered an interlocutory judgment

declaring that Sirius is not obligated to defend and indemnify Temple in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Accordingly, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate judgment. Rivera, J.P., Florio, Dillon and Carni, JJ., concur.