■ Essex Insurance Company, Respondent, v Oakwood Construction Corp. et al., Defendants, and Timothy Case, Appellant. [872 NYS2d 721]—

In an action for a judgment declaring that the plaintiff Essex Insurance Company is not obligated to defend and indemnify the defendants Oakwood Construction Corporation and Robert Thornton in an underlying action entitled *Case v Yamaha Motor Co.*, pending in the Supreme Court, New York County, under index No. 119640/03, the defendant Timothy Case appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated July 17, 2007, which granted the plaintiff's motion for summary judgment declaring that the plaintiff is not so obligated, and denied his cross motion, made jointly with the defendants Oakwood Construction Corporation and Robert Thornton, for summary judgment declaring that the plaintiff is so obligated.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Essex Insurance Company is not obligated to defend and indemnify the defendants Oakwood Construction Corporation and Robert Thornton in an underlying action entitled *Case v Yamaha Motor Co.*, pending in the Supreme Court, New York County, under index No. 119640/03.

Oakwood Construction Corporation and Robert Thornton (hereinafter together Oakwood) failed to provide Essex Insurance Company (hereinafter Essex) with notice of the underlying incident "as soon as practicable," in violation of the requirements of their insurance policy (*see Felix v Pinewood Bldrs., Inc.*, 30 AD3d 459, 461 [2006]). In opposition, Oakwood failed to demonstrate a good faith belief in nonliability that was reasonable under the circumstances (*see id.; Travelers Indem. Co. v Worthy*, 281 AD2d 411, 412 [2001]; *Zadrima v PSM Ins. Cos.*, 208 AD2d 529, 530 [1994]; *Winstead v Uniondale Union Free School Dist.*, 201 AD2d 721, 723 [1994]). Additionally, Oakwood failed to provide notice of Timothy Case's claim "as soon as practicable," as required by the policy (*see Safer v Government Empls. Ins. Co.*, 254 AD2d 344, 345 [1998]). Under the circumstances, Essex disclaimed coverage as soon as reasonably possible (*see* Insurance Law § 3420 [d]; *New York Cent. Mut. Fire Ins. Co. v Majid*, 5 AD3d 447, 448 [2004]; *Generali-U.S. Branch*

*v Rothschild,* 295 AD2d 236, 237-238 [2002]; *Farmbrew Realty Corp. v Tower Ins. Co. of N.Y.,* 289 AD2d 284, 285 [2001]).

Moreover, Case's injury did not fall within the coverage of the policy (*see Singh v Allcity Ins. Co.,* 1 AD3d 501, 502 [2003]). To that extent, Essex was not required to timely disclaim coverage (*see Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185, 188 [2000]; *Perkins v Allstate Ins. Co.,* 51 AD3d 647, 649 [2008]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Essex is not obligated to defend and indemnify Oakwood in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962]). Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.