■ TRAVELERS CASUALTY AND SURETY COMPANY, Appellant, v HONEYWELL INTERNATIONAL, INC., Respondent, and EMPLOYERS INSURANCE COMPANY OF WAUSAU et al., Appellants, et al., Defendants. [880 NYS2d 66]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered April 1, 2008, which, in a declaratory judgment action involving, inter alia, the obligations, if any, of plaintiff-appellant and defendants-appellants (the insurers) to indemnify defendant-respondent (the insured) for certain asbestos-related claims, upon the parties' respective motions for partial summary judgment, insofar as appealed from, determined that New Jersey law, not New York law, governs the subject insurance policies, unanimously affirmed, without costs.

In *Certain Underwriters at Lloyd's, London v Foster Wheeler Corp.* (36 AD3d 17 [2006], *affd* 9 NY3d 928 [2007]), this Court, after noting that a contract of liability insurance is generally "governed by the law of the state which the parties understood was to be the principal location of the insured risk" (*id.* at 21-22 [internal quotation marks omitted]), held that "where it is necessary to determine the law governing a liability insurance policy covering risks in multiple states, the state of the insured's domicile [at the time of contracting] should be regarded as a proxy for the principal location of the insured risk" (*id.* at 24), and that, for such purposes, a corporate insured's domicile is the state of its principal place of business, not the state of its incorporation (*id.* at 25; *see also Appalachian Ins. Co. v Di Sicurata*, 60 AD3d 495 [2009]). There is no dispute that the principal place of business of the insured's predecessor, the purchaser of the policies, was in New Jersey. Neither the predecessor's use of a New York address on some of the policies (while also using a New Jersey address on some of the same policies or only a New Jersey address on yet other policies), nor the predecessor's use of New York brokers, nor the use of New York amendatory endorsements on some of the policies (while New Jersey's or other states' or no state-specific amendatory endorsement was used on others), nor any of the other incidental connections to New York on which appellants rely, raises a triable issue of fact as to whether the predecessor made a conscious choice of New York law at the time of contracting, or whether the application of New York law constituted the parties' reasonable expectation, where not one of the policies contains a choice-of-law provision and all parties knew that the risks were spread nationwide and that the predecessor's principal place of business was in New Jersey (*cf. Foster Wheeler* at 27-28).

Motion seeking leave to supplement record denied. Concur—Andrias, J.P., Buckley, Moskowitz, DeGrasse and Richter, JJ.