■ PARSIPPANY CONSTRUCTION COMPANY, INC., Respondent, v CNA INSURANCE COMPANY, Appellant. [886 NYS2d 903]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend the plaintiff as an additional insured in an underlying personal injury action entitled *Henriquez v Parsippany Constr. Co., Inc.*, pending in the Supreme Court, Rockland County, under index No. 6926/03, the defendant appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated May 7, 2008, which granted the plaintiff's motion for summary judgment declaring that the defendant is obligated to defend the plaintiff in the underlying action and denied its cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the defendant is obligated to defend the plaintiff in the underlying action.

The plaintiff established its prima facie entitlement to judgment as a matter of law on its cause of action for a judgment declaring that the defendant is obligated to defend it in the underlying personal injury action by tendering evidence sufficient to demonstrate, as a matter of law, that it is an additional insured as this term is defined by the subject policy, and that the allegations in the underlying complaint fell within the scope

of coverage (*see Kassis v Ohio Cas. Ins. Co.*, 12 NY3d 595 [2009]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The burden then shifted to the defendant to establish the absence of coverage (*see Matter of Allstate Ins. Co. v Berger*, 47 AD3d 708, 710 [2008]), which it failed to do.

Further, since the defendant failed to disclaim coverage in compliance with Insurance Law § 3420 (d), it cannot avoid liability based upon policy exclusions (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188-189 [2000]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the defendant is obligated to defend the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.