■ QBE INSURANCE CORPORATION, Appellant, v ADJO CONTRACTING CORPORATION et al., Defendants, TRAVELERS INDEMNITY COMPANY, Defendant/Third-Party Plaintiff-Respondent, and ARCHSTONE et al., Defendants/Second Third-Party Plaintiffs-Respondents, et al., Second Third-Party Plaintiffs. ACE AMERICAN INSURANCE COMPANY et al., Third-Party Defendants/Second Third-Party Defendants-Appellants, et al., Third-Party Defendants/Second Third-Party Defendants, and HARTFORD FIRE INSURANCE COMPANY et al., Second Third-Party Defendants. [997 NYS2d 425]—

Motion by the defendants/second third-party plaintiffs-respondents Archstone, formerly known as Archstone-Smith Operating Trust, and Archstone Westbury, L.P., formerly known as Tishman Speyer Archstone-Smith Westbury, L.P., formerly known as ASN Roosevelt Center, LLC, doing business as Archstone Westbury, for leave to reargue stated portions of appeals from an order of the Supreme Court, Nassau County, entered April 7, 2011, which were determined by decision and order on motion of this Court dated December 11, 2013, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Separate motion by the third-party defendants/second third-party defendants-appellants American European Insurance Company, formerly known as Merchants Insurance Company of New Hampshire, Inc., and Merchants Mutual Insurance Company, joined by the plaintiff-appellant, the third-party defendant/second third-party defendant-appellant American States Insurance Company, the third-party defendant/second third-party defendant-appellant Liberty Mutual Fire Insurance Company, and the second third-party defendant-appellant Zurich American Insurance Company, for leave to reargue stated portions of the appeals, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Separate motion by the third-party defendant/second third-party defendant-appellant Scottsdale Insurance Company, for leave to reargue stated portions of the appeals, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Separate motion by the third-party defendant/second third-party defendant-appellant ACE American Insurance Company, for leave to reargue stated portions of the appeals, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Separate motion by the third-party defendant/second third-party defendant-appellant Liberty Mutual Fire Insurance Company, for leave to reargue stated portions of the appeals, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Separate motion by the third-party defendant/second third-party defendant-appellant American States Insurance Company, for leave to reargue stated portions of the appeals, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Separate motion by the plantiff-appellant

for leave to reargue stated portions of the appeals, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Separate motion by the third-party defendant/second third-party defendant-appellant Delos Insurance Company, formerly known as Sirius America Insurance Company, for leave to reargue stated portions of the appeals, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is

Ordered that the motion of the defendants/second third-party plaintiffs-respondents Archstone, formerly known as Archstone-Smith Operating Trust, and Archstone Westbury, L.P., formerly known as Tishman Speyer Archstone-Smith Westbury, L.P., formerly known as ASN Roosevelt Center, LLC, doing business as Archstone Westbury, is denied; and it is further,

Ordered that the motion of the third-party defendant/second third-party defendant-appellant Scottsdale Insurance Company is denied; and it is further,

Ordered that the motion of the third-party defendant/second third-party defendant-appellant ACE American Insurance Company is denied; and it is further,

Ordered that the motion of the third-party defendant/second third-party defendant-appellant Liberty Mutual Fire Insurance Company is denied; and it is further,

Ordered that the motion of the third-party defendant/second third-party defendant-appellant American States Insurance Company is denied; and it is further,

Ordered that the motion of the plantiff-appellant is denied; and it is further,

Ordered that the motion of the third-party defendant/second third-party defendant-appellant Delos Insurance Company, formerly known as Sirius America Insurance Company, is denied; and it is further,

Ordered that the motion of the third-party defendants/second third-party defendants-appellants American European Insurance Company, formerly known as Merchants Insurance Company of New Hampshire, Inc., and Merchants Mutual Insurance Company, joined by the plaintiff-appellant, the third-party defendant/second third-party defendant-appellant American States Insurance Company, the third-party defendant/second third-party defendant-appellant Liberty Mutual Fire Insurance Company, and the second third-party defendant-appellant Zurich American Insurance Company, is granted to

the extent that reargument is granted, upon reargument, the decision and order of this Court dated December 11, 2013 (*see QBE Ins. Corp. v Adjo Contr. Corp.*, 112 AD3d 686 [2013]), is recalled and vacated, and the following decision and order is substituted therefor, and the motion is otherwise denied:

In an action, inter alia, for a judgment declaring that the plaintiff, QBE Insurance Corporation, is not obligated to provide a defense or indemnification in three underlying actions entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, and *Matter of Archstone Westbury Tenant Litig.*, all pending in the Supreme Court, Nassau County, under index Nos. 4856/08, 1018/08, and 21335/07, respectively, and related third-party and second third-party actions, (1) the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered April 7, 2011, as granted that branch of the motion of the defendant/third-party plaintiff, Travelers Indemnity Company, which was for summary judgment declaring that the plaintiff is obligated to defend the defendant/third-party plaintiff's insured, Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, and granted that branch of the motion of the defendants/second third-party plaintiffs which was for summary judgment declaring that the plaintiff is obligated to defend them in the underlying action entitled *Matter of Archstone Westbury Tenant Litig.*; (2) the third-party defendant/second third-party defendant ACE American Insurance Company, the third-party defendants/second third-party defendants American European Insurance Company, formerly known as Merchants Insurance Company of New Hampshire, Inc., and Merchants Mutual Insurance Company, and the third-party defendants/second third-party defendants American States Insurance Company and Ohio Casualty Insurance Company separately appeal, as limited by their respective briefs, from so much of the same order as granted that branch of the motion of the defendant/third-party plaintiff, Travelers Indemnity Company, which was for summary judgment on so much of the third-party complaint as sought a declaration that each of those third-party defendants/second third-party defendants is obligated to defend Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, granted that branch of the motion of the defendants/second third-party plaintiffs which was for summary judgment on so

much of the second third-party complaint as sought a declaration that each of those third-party defendants/second third-party defendants is obligated to defend them in the underlying action entitled *Matter of Archstone Westbury Tenant Litig.*, and denied those branches of the separate cross motions of those third-party defendants/second third-party defendants which were for summary judgment declaring that they are not obligated to defend Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc*, and that they are not obligated to defend the defendants/second third-party plaintiffs in the underlying actions entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and *Matter of Archstone Westbury Tenant Litig.*; (3) the third-party defendants/second third-party defendants Delos Insurance Company, formerly known as Sirius America Insurance Company, and Erie Insurance Exchange separately appeal, as limited by their respective briefs, from so much of the same order as granted that branch of the motion of the defendant/third-party plaintiff, Travelers Indemnity Company, which was for summary judgment on so much of the third-party complaint as sought a declaration that they are obligated to defend Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, granted those branches of the motion of the defendants/second third-party plaintiffs which were for summary judgment on so much of the second third-party complaint as sought a declaration that they are obligated to defend the defendants/second third-party plaintiffs in the underlying actions entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and *Matter of Archstone Westbury Tenant Litig.* and denied those branches of their separate cross motions which were for summary judgment declaring that they are not obligated to defend Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, and that they are not obligated to defend the defendants/second third-party plaintiffs in the underlying actions entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and *Matter of Archstone Westbury Tenant Litig.*; (4) the third-party defendant/second third-party defendant Interstate Fire and Casualty Company appeals, as limited by its brief, from so much of the same order as failed to search the record and sua sponte award it summary judgment declaring that it is not obligated to defend Tocci Building Corporation

of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, and that it is not obligated to defend the defendants/second third-party plaintiffs in the underlying actions entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and *Matter of Archstone Westbury Tenant Litig.*; (5) the third-party defendants/second third-party defendants Liberty Mutual Fire Insurance Company, Pennsylvania National Mutual Casualty Insurance Company, and Scottsdale Insurance Company separately appeal, as limited by their respective briefs, from so much of the same order as granted that branch of the motion of the defendant/third-party plaintiff, Travelers Indemnity Company, which was for summary judgment on so much of the third-party complaint as sought a declaration that they are obligated to defend Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, and granted that branch of the motion of the defendants/second third-party plaintiffs which was for summary judgment on so much of the second third-party complaint as sought a declaration that they are obligated to defend the defendants/second third-party plaintiffs in the underlying action entitled *Matter of Archstone Westbury Tenant Litig.*; (6) the second third-party defendant Hartford Fire Insurance Company appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendants/second third-party plaintiffs which was for summary judgment on so much of the second third-party complaint as sought a declaration that it is obligated to defend the defendants/second third-party plaintiffs in the underlying action entitled *Matter of Archstone Westbury Tenant Litig.* under policies it issued to its insured Superseal Manufacturing Co., and denied those branches of its cross motion which were for summary judgment declaring that it is not obligated to defend the defendants/second third-party plaintiffs in the underlying actions entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and *Matter of Archstone Westbury Tenant Litig.* under policies it issued to its insured Superseal Manufacturing Co.; and (7) the second third-party defendant Zurich American Insurance Company appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendants/second third-party plaintiffs which was for summary judgment on so much of the second third-party complaint as sought a declaration that it is obligated to defend the defendants/second third-party plaintiffs in the underlying action entitled *Matter of*

*Archstone Westbury Tenant Litig.*, and denied those branches of its cross motion which were for summary judgment, in effect, declaring that it is not obligated to defend the defendants/second third-party plaintiffs in the underlying actions entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and *Matter of Archstone Westbury Tenant Litig.*

Ordered that the appeal by the third-party defendant/second third-party defendant Interstate Fire and Casualty Company is dismissed; and it is further,

Ordered that the order is reversed insofar as appealed from by the third-party defendant/second third-party defendant Erie Insurance Exchange, that branch of the motion of the defendants/second third-party plaintiffs which was for summary judgment on so much of the second third-party complaint as sought a declaration that Erie Insurance Exchange is obligated to defend the defendants/second third-party plaintiffs in the underlying actions entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and *Matter of Archstone Westbury Tenant Litig.* is denied, that branch of the motion of the defendant/third-party plaintiff, Travelers Indemnity Company, which was for summary judgment on so much of the third-party complaint as sought a declaration that Erie Insurance Exchange is obligated to defend Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, is denied, and the cross motion of Erie Insurance Exchange for summary judgment declaring that it is not obligated to defend the defendants/second third-party plaintiffs in the underlying actions entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and *Matter of Archstone Westbury Tenant Litig.*, or to defend Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, is granted; and it is further,

Ordered that the order is reversed insofar as appealed from by the third-party defendant/second third-party defendant Pennsylvania National Mutual Casualty Insurance Company, that branch of the motion of the defendants/second third-party plaintiffs which was for summary judgment on so much of the second third-party complaint as sought a declaration that Pennsylvania National Mutual Casualty Insurance Company is obligated to defend the defendants/second third-party plaintiffs in the underlying action entitled *Matter of Archstone Westbury Tenant Litig.* is denied, that branch of the motion of the defend-

ant/third-party plaintiff, Travelers Indemnity Company, which was for summary judgment on so much of the third-party complaint as sought a declaration that Pennsylvania National Mutual Casualty Insurance Company is obligated to defend Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, is denied, and, upon searching the record, Pennsylvania National Mutual Casualty Insurance Company is awarded summary judgment declaring that it has no duty to defend the defendants/second third-party plaintiffs in the underlying action entitled *Matter of Archstone Westbury Tenant Litig.*, or to defend Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*; and it is further,

Ordered that the order is reversed insofar as appealed from by the third-party defendant/second third-party defendant Scottsdale Insurance Company, that branch of the motion of the defendants/second third-party plaintiffs which was for summary judgment on so much of the second third-party complaint as sought a declaration that Scottsdale Insurance Company is obligated to defend the defendants/second third-party plaintiffs in the underlying action entitled *Matter of Archstone Westbury Tenant Litig.* is denied, and that branch of the motion of the defendant/third-party plaintiff, Travelers Indemnity Company, which was for summary judgment on so much of the third-party complaint as sought a declaration that Scottsdale Insurance Company is obligated to defend Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, is denied; and it is further,

Ordered that the order is reversed insofar as appealed from by the second third-party defendant Hartford Fire Insurance Company, that branch of the motion of the defendants/second third-party plaintiffs which was for summary judgment on so much of the second third-party complaint as sought a declaration that Hartford Fire Insurance Company is obligated to defend the defendants/second third-party plaintiffs in the underlying action entitled *Matter of Archstone Westbury Tenant Litig.* under policies it issued to its insured Superseal Manufacturing Co. is denied, and those branches of the cross motion of Hartford Fire Insurance Company which were for summary judgment declaring that it is not obligated to defend the defendants/second third-party plaintiffs in the underlying actions

entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and *Matter of Archstone Westbury Tenant Litig.* under policies it issued to its insured Superseal Manufacturing Co. are granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff and the third-party defendant/second third-party defendant Ohio Casualty Insurance Company; and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of the defendants/second third-party plaintiffs which were for summary judgment on so much of the second third-party complaint as sought a declaration that the third-party defendants/second third-party defendants ACE American Insurance Company and Liberty Mutual Fire Insurance Company are obligated to defend the defendants/second third-party plaintiffs in the underlying action entitled *Matter of Archstone Westbury Tenant Litig.*, and substituting therefor provisions denying those branches of the motion of the defendants/second third-party plaintiffs, (2) by deleting the provision thereof granting that branch of the motion of the defendants/second third-party plaintiffs which was for summary judgment on so much of the second third-party complaint as sought a declaration that Delos Insurance Company, formerly known as Sirius America Insurance Company, is obligated to defend the defendants/second third-party plaintiffs in the underlying action entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and substituting therefor a provision denying that branch of the motion of the defendants/second third-party plaintiffs, (3) by deleting the provision thereof denying that branch of the cross motion of the third-party defendant/second third-party defendant ACE American Insurance Company which was for summary judgment declaring that it is not obligated to defend the defendants/second third-party plaintiffs in the underlying actions entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and *Matter of Archstone Westbury Tenant Litig.*, and substituting therefor provisions granting that branch of the cross motion, (4) by deleting the provisions thereof denying those branches of the cross motion of the third-party defendants/second third-party defendants American European Insurance Company, formerly known as Merchants Insurance Company of New Hampshire, Inc., and Merchants Mutual Insurance Company, and the separate cross motions of the third-party defendants/second third-party defendants American States Insurance Company and Delos Insurance Company, formerly known as Sirius America Insurance Company, which were for

summary judgment declaring that they are not obligated to defend the defendants/second third-party plaintiffs in the underlying action entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and substituting therefor provisions granting those branches of the separate cross motions, (5) by deleting the provision thereof denying that branch of the separate cross motion of the second third-party defendant Zurich American Insurance Company which was for summary judgment, in effect, declaring that it is not obligated to defend the defendants/second third-party plaintiffs in the underlying action entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and substituting therefor a provision granting that branch of the cross motion, and (6) by adding a provision thereto, upon searching the record, awarding summary judgment to the third-party defendant/second third-party defendant Liberty Mutual Fire Insurance Company, declaring that it is not obligated to defend the defendants/second third-party plaintiffs in the underlying action entitled *Matter of Archstone Westbury Tenant Litig.*; as so modified, the order is affirmed insofar as appealed from by ACE American Insurance Company, American European Insurance Company, formerly known as Merchants Insurance Company of New Hampshire, Inc., Merchants Mutual Insurance Company, American States Insurance Company, Delos Insurance Company, formerly known as Sirius America Insurance Company, Liberty Mutual Fire Insurance Company, and Zurich American Insurance Company, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring (1) that the plaintiff and ACE American Insurance Company, American European Insurance Company, formerly known as Merchants Insurance Company of New Hampshire, Inc., Merchants Mutual Insurance Company, American States Insurance Company, Delos Insurance Company, formerly known as Sirius America Insurance Company, Liberty Mutual Fire Insurance Company, and Ohio Casualty Insurance Company are obligated to defend Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, (2) that the plaintiff and American European Insurance Company, formerly known as Merchants Insurance Company of New Hampshire, Inc., Merchants Mutual Insurance Company, American States Insurance Company, Delos Insurance Company, formerly known as Sirius America Insurance Company, Ohio Casualty Insurance Company, and Zurich American Insurance Company are obligated to defend the defendant/second third-party plaintiff *Archstone-Smith Operating Trust* in

the underlying action entitled *Matter of Archstone Westbury Tenant Litig.*, (3) that ACE American Insurance Company, Erie Insurance Exchange, and Hartford Fire Insurance Company are not obligated to defend the defendants/second third-party plaintiffs in the underlying actions entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and *Matter of Archstone Westbury Tenant Litig.*, (4) that Liberty Mutual Fire Insurance Company and Pennsylvania National Mutual Casualty Insurance Company are not obligated to defend the defendants/second third-party plaintiffs in the underlying action entitled *Matter of Archstone Westbury Tenant Litig.*, (5) that American European Insurance Company, formerly known as Merchants Insurance Company of New Hampshire, Inc., Merchants Mutual Insurance Company, American States Insurance Company, Delos Insurance Company, formerly known as Sirius American Insurance Company, and Zurich American Insurance Company are not obligated to defend the defendants/ second third-party plaintiffs in the underlying action entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury*, and (6) that Erie Insurance Exchange and Pennsylvania National Mutual Casualty Insurance Company are not obligated to defend Tocci Building Corporation of New Jersey, Inc., in the underlying action entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp. of New Jersey, Inc.*, and it is further,

Ordered that one bill of costs is awarded to the defendant/ third-party plaintiff, Travelers Indemnity Company, payable by the plaintiff and ACE American Insurance Company, American European Insurance Company, formerly known as Merchants Insurance Company of New Hampshire, Inc., Merchants Mutual Insurance Company, American States Insurance Company, Delos Insurance Company, formerly known as Sirius America Insurance Company, Interstate Fire and Casualty Company, Liberty Mutual Fire Insurance Company, and Ohio Casualty Insurance Company, one bill of costs is awarded to the defendants/second third-party plaintiffs, payable by the plaintiff, Interstate Fire and Casualty Company, and Ohio Casualty Insurance Company, one bill of costs is awarded to Erie Insurance Exchange, Pennsylvania National Mutual Casualty Insurance Company, and Scottsdale Insurance Company, payable by the defendant/ third-party plaintiff, Travelers Indemnity Company, and the defendants/second third-party plaintiffs, and one bill of costs is awarded to Hartford Fire Insurance Company and Liberty Mutual Fire Insurance Company, payable by the defendants/ second third-party plaintiffs.

Certain entities, collectively referred to herein as Archstone,

decided to build a complex of rental apartments in Westbury, New York. To that end, in 2003, Archstone-Smith Operating Trust (hereinafter ASOT) entered into a contract with Tocci Building Corporation of New Jersey, Inc. (hereinafter Tocci), which was to serve as the general contractor for the project. Tocci, in turn, entered into trade agreements with numerous subcontractors. The construction took place in stages, ending in 2007, although tenants began moving in prior to 2007.

The complex suffered from extensive water intrusion, leading to mold growth, which forced Archstone to terminate all tenant leases effective March 31, 2008. Four class actions were filed by tenants against certain Archstone entities, that were later consolidated into a single class action, entitled *Matter of Archstone Westbury Tenant Litig.* (hereinafter the consolidated tenant action). One additional action relevant to this appeal, entitled *Hunter v ASN Roosevelt Ctr., LLC, doing business as Archstone Westbury* (hereinafter the *Hunter* action), remains unconsolidated. Archstone commenced an action against Tocci, among others, entitled *Archstone, formerly known as Archstone-Smith Operating Trust v Tocci Bldg. Corp.* (hereinafter the construction action), seeking, inter alia, common-law indemnification for any liability it incurs in the various tenants' actions.

Archstone and Travelers Indemnity Company (hereinafter Travelers), which insured Tocci, sought defense and indemnification in these various actions from the insurers of the numerous subcontractors hired for the project (hereinafter collectively the insurers). One of the insurers, QBE Insurance Corporation (hereinafter QBE), thereafter commenced the present action for a judgment declaring, inter alia, that it had no duty to defend and indemnify Tocci in the construction action and Archstone in the consolidated tenant action and the *Hunter* action. Travelers commenced a third-party action, and Archstone commenced a second third-party action, against the insurers, seeking an adjudication of those issues. Travelers moved for summary judgment declaring that the insurers were required to defend Tocci in the construction action and Archstone moved for summary judgment declaring that the insurers were required to defend it in the consolidated tenant action and the *Hunter* action. ACE American Insurance Company (hereinafter ACE), American European Insurance Company, formerly known as Merchants Insurance Company of New Hampshire, Inc. (hereinafter American European), American States Insurance Company (hereinafter American States), Delos Insurance Company, formerly known as Sirius America Insurance Company (hereinafter Delos), Erie Insurance Exchange (hereinafter Erie), Merchants

Mutual Insurance Company (hereinafter Merchants Mutual), and Ohio Casualty Insurance Company (hereinafter Ohio) cross-moved for summary judgment declaring that they had no duty to defend either Tocci or Archstone. Hartford Fire Insurance Company (hereinafter Hartford) and Zurich American Insurance Company (hereinafter Zurich), which were named as defendants only in the second third-party complaint, separately cross-moved for summary judgment; Hartford sought a declaration and Zurich, in effect, sought a declaration that each of them had no duty to defend Archstone.

In a single order disposing of these motions and cross motions, the Supreme Court determined that, with the exception of Interstate Fire and Casualty Company (hereinafter Interstate), each of the appealing insurers owed Archstone a duty to defend Archstone in the consolidated tenant action; that, with the exception of Interstate, Hartford, and Zurich, each of the appealing insurers owed Tocci a duty to defend Tocci in the construction action; and that Delos and Erie owed Archstone a duty to defend Archstone in the *Hunter* action. The Supreme Court concluded that a triable issue of fact existed as to all of the other appealing insurers' duties to defend Archstone in the *Hunter* action. As to Interstate, the court found triable issues of fact regarding its duty to defend Archstone in the consolidated tenant action and the *Hunter* action, and to defend Tocci in the construction action.

Interstate's appeal must be dismissed. Because the Supreme Court did not grant Archstone and Travelers the relief they sought against Interstate, and because Interstate did not seek any relief against those parties, Interstate is not aggrieved by the Supreme Court's order (*see Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]), including, "so much of the order as [effectively] declined to search the record and sua sponte award . . . summary judgment" (*Schlecker v Yorktown Elec. & Light. Distribs., Inc.*, 94 AD3d 855, 855 [2012]; *see Franklin v Allen Health Care Servs.*, 45 AD3d 637 [2007]).

Hartford correctly argues that it had no duty to defend Archstone in the consolidated tenant action or the *Hunter* action because Archstone did not qualify as an additional insured under its policies. Hartford's policies provide that an organization is an additional insured when the named insured has agreed, in writing, in a contract or agreement, that such organization be added as an additional insured on the policy. " '[C]ontract language that merely requires the purchase of insurance will not be read as also requiring that a contracting party be named as an additional insured' " (*Christ the King Regional*

*High School v Zurich Ins. Co. of N. Am.*, 91 AD3d 806, 807 [2012], quoting *Trapani v 10 Arial Way Assoc.*, 301 AD2d 644, 647 [2003]). Here, the contract between Tocci and Hartford's named insured only required the named insured to supply evidence that it maintained insurance providing for certain limits of liability set forth in the contract between Tocci and Archstone. Thus, because the named insured was only required by contract to obtain liability insurance for itself, and was not required to name Archstone as an additional insured, additional insured coverage was not available to Archstone (*see 140 Broadway Prop. v Schindler El. Co.*, 73 AD3d 717, 718 [2010]).

Erie and Pennsylvania National Mutual Casualty Insurance Company (hereinafter Penn National), which insured the same named insured for different policy periods, correctly argue that they have no duty to defend Archstone or Tocci. Those insurers' policies only provide coverage for bodily injury and property damage caused by an "occurrence," which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Erie and Penn National argue that Pennsylvania law applies to their policies and that there is a conflict between New York and Pennsylvania law as to the interpretation of the term "occurrence."

New York courts have generally acknowledged that, while a commercial general liability policy does not insure for damage to the work product itself, it insures "faulty workmanship in the work product which creates a legal liability by causing bodily injury or property damage to something other than the work product" (*George A. Fuller Co. v United States Fid. & Guar. Co.*, 200 AD2d 255, 259 [1994]; *see Bonded Concrete, Inc. v Transcontinental Ins. Co.*, 12 AD3d 761, 762 [2004]; *Saks v Nicosia Contr. Corp.*, 215 AD2d 832, 834 [1995]; *cf. Exeter Bldg. Corp. v Scottsdale Ins. Co.*, 79 AD3d 927, 930 [2010]). Here, the tenants allege bodily injuries and damage to their personal property, caused by "continuous or repeated exposure to substantially the same general harmful conditions," i.e., mold. Thus, under New York law, the consolidated tenant action and the *Hunter* action seek damages for an occurrence, as does the construction action, in which Archstone seeks to recover from Tocci for its liability for the tenants' damages (*see Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648 [1993]; *Saks v Nicosia Contr. Corp.*, 215 AD2d at 834).

Under Pennsylvania law, not only are damages to the work product itself not considered an occurrence, but "damages that are a reasonably foreseeable result of the faulty workmanship are also not covered under a commercial general liability policy"

(*Specialty Surfaces Intl., Inc. v Continental Cas. Co.*, 609 F3d 223, 239 [3d Cir 2010]; *see Nationwide Mut. Ins. Co. v CPB Intl., Inc.*, 562 F3d 591, 596-597 [3d Cir 2009]; *Millers Capital Ins. Co. v Gambone Bros. Dev. Co., Inc.*, 941 A2d 706 [Pa Super Ct 2013]; *see generally Kvaerner Metals Div. of Kvaerner U.S., Inc. v Commercial Union Ins. Co.*, 589 Pa 317, 335-336, 908 A2d 888, 899-900 [2006]). The Pennsylvania courts have emphasized fortuity in determining whether a claim constitutes an occurrence (*see Kvaerner Metals Div. of Kvaerner U.S., Inc. v Commercial Union Ins. Co.*, 589 Pa at 335-336, 908 A2d at 899-900). Mold growth and resulting sickness and property damage would likely be considered by the Pennsylvania courts not to be fortuitous, but, rather, to be, from an objective standpoint, a reasonably foreseeable, natural consequence of faulty workmanship which allowed water to infiltrate the buildings (*see Millers Capital Ins. Co. v Gambone Bros. Dev. Co., Inc*, 941 A2d at 713 ["natural and foreseeable acts, such as rainfall, which tend to exacerbate the damage, effect, or consequences caused *ab initio* by faulty workmanship also cannot be considered sufficiently fortuitous to constitute an 'occurrence' "]; *cf. Indalex Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 83 A3d 418, 2013 Pa Super 311 [2013]). Accordingly, because a conflict exists between Pennsylvania and New York law, New York's choice-of-law rules must be applied to determine which state's law governs (*see Padula v Lilarn Props. Corp.*, 84 NY2d 519, 521 [1994]).

"In the context of liability insurance contracts, the jurisdiction with the most 'significant relationship to the transaction and the parties' will generally be the jurisdiction 'which the parties understood was to be the principal location of the insured risk' " (*Matter of Midland Ins. Co.*, 16 NY3d 536, 544 [2011], quoting *Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 318 [1994]). However, " 'where it is necessary to determine the law governing a liability insurance policy covering risks in multiple states, the state of the insured's domicile should be regarded as a proxy for the principal location of the insured risk' " (*Matter of Midland Ins. Co.*, 16 NY3d at 544, quoting *Certain Underwriters at Lloyd's, London v Foster Wheeler Corp.*, 36 AD3d 17, 24 [2006], *affd* 9 NY3d 928 [2007]). Because the subject policy covered risks in multiple states, and because Erie's and Penn National's named insured was domiciled in Pennsylvania, it is appropriate to apply that state's law. Notably, although Archstone and Travelers argue that there is no conflict between Pennsylvania and New York law, they do not argue that, assuming such a conflict existed, New York law should apply.

Since Pennsylvania law applies and, under Pennsylvania law, the tenants' claims of bodily injury and property damage do not constitute an occurrence, Erie and Penn National have no duty to defend Archstone or Tocci. Although Penn National did not cross-move for a declaration in its favor, under the circumstances of this case, we deem it appropriate to search the record and determine that Penn National was entitled to such a declaration (*see generally Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]).

Contrary to the contentions of ACE and Zurich, which issued their policies in Texas, there is no relevant conflict between New York and Texas law regarding the use of extrinsic evidence in determining an insurer's duty to defend. The New York Court of Appeals has eschewed "wooden application of the 'four corners of the complaint' rule," in favor of "a rule requiring the insurer to [also] provide a defense where, notwithstanding the complaint allegations, underlying facts made known to the insurer create" a reasonable possibility of coverage (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 66, 70 [1991]; *see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; *Staten Is. Molesi Social Club, Inc. v Nautilus Ins. Co.*, 39 AD3d 843, 844 [2007]).

Under Texas's "eight-corners rule," "only two documents are *ordinarily* relevant to the determination of the duty to defend: the policy and the pleadings of the third-party claimant" (*Guide-One Elite Ins. Co. v Fielder Rd. Baptist Church*, 197 SW3d 305, 307, 308 [Tex Sup Ct 2006] [emphasis added]). However, intermediate appellate courts in Texas have recognized a limited exception to the eight-corners rule (*see id.* at 308; *Pine Oak Bldrs., Inc. v Great Am. Lloyds Ins. Co.*, 279 SW3d 650, 654 [Tex Sup Ct 2009]; *see also Mid-Continental Cas. Co. v Safe Tire Disposal Corp.*, 16 SW3d 418, 421 [Tex Ct App 2000]; *State Farm Fire & Cas. Co. v Wade*, 827 SW2d 448, 452 [Tex Ct App 1992]; *Gonzales v American States Ins. Co. of Texas*, 628 SW2d 184, 187 [Tex Ct App 1982]). In applying Texas law, the United States Court of Appeals for the Fifth Circuit made an "*Erie* guess" that the Supreme Court of Texas would recognize this exception to the eight corners rule (*Ooida Risk Retention Group, Inc. v Williams*, 579 F3d 469, 475 [5th Cir 2009]; *Northfield Ins. Co. v Loving Home Care, Inc.*, 363 F3d 523, 531 [5th Cir 2004]; *see Erie R. Co. v Tompkins*, 304 US 64 [1938]). We follow the Fifth Circuit in "guess[ing]" that the Texas Supreme Court would recognize the limited exception to the eight-corners rule, particularly since that court had two opportunities to reject the exception, and declined to do so (*see Pine Oak Bldrs., Inc. v*

*Great Am. Lloyds Ins. Co.*, 279 SW3d 650 [2009]; *GuideOne Elite Ins. Co. v Fielder Rd. Baptist Church*, 197 SW3d 305 [2006]).

The limited exception would allow, here, for the consideration of the trade agreement between ACE's and Zurich's named insured and Tocci, since the scope of the work assigned to the named insured constitutes "readily ascertainable facts, relevant to coverage," that do not " 'overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case' " (*Ooida Risk Retention Group, Inc.*, 579 F3d at 476, quoting *Northfield Ins. Co. v Loving Home Care, Inc.*, 363 F3d at 531). Although the Supreme Court also considered extrinsic evidence in the form of a letter written from Archstone's counsel to Tocci's counsel (referred to by the parties as "the Crewdson letter"), consideration of that evidence was not necessary to determine whether ACE and Zurich were obligated to defend Archstone and Tocci, and, therefore, does not alter our determination.

ACE correctly argues that it has no duty to defend Archstone in the consolidated tenant action and the *Hunter* action, and Liberty Mutual Fire Insurance Company (hereinafter Liberty Mutual) correctly argues that it has no duty to defend Archstone in the consolidated tenant action, because the Archstone entity that qualifies for additional insured coverage under their policies—i.e., ASOT—is not a defendant in those actions. ASOT is not named as a defendant in the consolidated tenant action or the *Hunter* action, and there are no allegations against it in those actions, against which ACE and Liberty Mutual could defend. Although ASOT was a named defendant in two preconsolidation complaints, i.e., *Marchese v ASN Roosevelt Ctr.* and *Sorrentino v ASN Roosevelt Ctr.*, those complaints were superseded by the second amended complaint in the consolidated tenant action (*see Chalasani v Neuman*, 64 NY2d 879 [1985]; *Mendrzycki v Cricchio*, 58 AD3d 171, 174 [2008]). While Archstone argues that it was, at least, entitled to preconsolidation defense costs associated with its defense in *Marchese* and *Sorrentino* (*cf. Stellar Mech. Servs. of N.Y., Inc. v Merchants Ins. of N.H.*, 74 AD3d 948, 952 [2010]), those complaints do not contain any allegations that implicate the work of ACE's and Liberty Mutual's named insured, such that there is no reasonable possibility of coverage for those two preconsolidation actions (*see Stellar Mech. Servs. of N.Y., Inc.*, 74 AD3d at 952; *see generally BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]; *Kahn v Allstate Ins. Co.*, 17 AD3d 408, 409 [2005]). Although Liberty Mutual did not cross-move for a declaration

that it has no duty to defend Archstone in the consolidated tenant action, under the circumstances, we deem it appropriate to search the record and determine that Liberty Mutual was entitled to such a declaration (*see generally Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]).

Scottsdale Insurance Company (hereinafter Scottsdale) argues, for the same reason as do ACE and Liberty Mutual, that it is not required to defend Archstone in the consolidated tenant action. For the reasons just stated, Scottsdale is partially correct in that it has no duty to pay Archstone's post-consolidation defense costs. However, there is a triable issue of fact as to whether the allegation in the *Sorrentino* complaint that water leaked through the exterior windows, leading to the tenants' damages, arose out of the work of Scottsdale's named insured, Knight Waterproofing Company, Inc. (hereinafter Knight Waterproofing), which was responsible for "filling . . . the interior joint at windows to gypsum board." Accordingly, there is a triable issue of fact as to whether Archstone is entitled to recover from Scottsdale its defense costs associated with its preconsolidation defense of the *Sorrentino* action.

American European, Merchant's Mutual, American States, Ohio Casualty, Delos, and Scottsdale argue that Archstone and Tocci provided them with late notice of the occurrence and/or claim, such that Archstone and Tocci are barred from seeking coverage from them. Even if Archstone and Tocci provided late notice, none of these insurers timely disclaimed on that basis, and, therefore, they are estopped from raising a late notice defense. Insurance Law § 3420 (d), which applies to claims involving bodily injury, requires an insurer to give written notice of disclaimer "as soon as reasonably possible," and an insurer who unreasonably delays in giving such notice is precluded from disclaiming coverage based on late notice of occurrence or claim (*see Matter of Firemen's Fund Ins. Co. of Newark v Hopkins*, 88 NY2d 836, 837 [1996]; *Delphi Restoration Corp. v Sunshine Restoration Corp.*, 43 AD3d 851, 852 [2007]). Contrary to the contentions of some of the insurers, Tocci's January 2008 notice to them, attaching the complaint in the construction action which referenced the tenants' personal injury claims and under which Tocci is potentially liable for the tenants' personal injury damages by virtue of the common-law indemnification cause of action, triggered the insurers' duty to timely disclaim pursuant to Insurance Law § 3420 (d) (*see Fish King Enters. v Countrywide Ins. Co.*, 88 AD3d 639, 642 [2011]).

Contrary to some of the insurers' further contentions, the November 2008 notice sent to them by Travelers on behalf of

Archstone was effective to give notice as to that entity. Archstone is not attempting to invoke the insurers' mere knowledge of the underlying incident or of the claim against Tocci, and to *deem* that notice to be notice on its behalf (*cf. 23-08-18 Jackson Realty Assoc. v Nationwide Mut. Ins. Co.*, 53 AD3d 541, 542 [2008]). Rather, Travelers specifically informed the subject insurers of the tenants' claims against Archstone, attaching the complaints in the tenant actions then pending, which were not asserted against Tocci. Further, Travelers expressly requested a defense on behalf of Archstone. The subject insurers were thereby put on notice of the need to investigate claims against Archstone and of Archstone's demand for a defense (*see J.T. Magen v Hartford Fire Ins. Co.*, 64 AD3d 266, 269 [2009]).

Accordingly, these insurers' disclaimers, which—with the exception of American States, which never disclaimed on the basis of late notice—were served from 63 days to one year after a potential late notice defense against Tocci and Archstone should have been readily apparent (*see Matter of Firemen's Fund Ins. Co. of Newark v Hopkins*, 88 NY2d at 837), were untimely. Accordingly, these insurers may not rely upon late notice to avoid coverage (*see 4815 Dev. Corp. v Harleysville Ins. Co. of N.Y.*, 103 AD3d 832, 833-834 [2013]; *Sirius Am. Ins. Co. v Vigo Constr. Corp.*, 48 AD3d 450, 452 [2008]; *Matter of Temple Constr. Corp. v Sirius Am. Ins. Co.*, 40 AD3d 1109, 1112 [2007]).

ACE, American European, American States, Delos, Liberty Mutual, Merchants Mutual, QBE, Scottsdale, and Zurich argue that one or more of the underlying actions fail to allege that the tenants' and/or Archstone's damages arose from, or were caused in whole or in part by, the work of their named insureds. The duty to defend is "exceedingly broad" (*Colon v Aetna Life & Cas. Ins. Co.*, 66 NY2d 6, 8 [1985]), and applies whenever the plaintiff's allegations " 'bring the claim even potentially within the protection purchased' " (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d at 714, quoting *Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 73 [1989]). Initially, under the circumstances of this case, the allegations in the consolidated tenant action were effectively incorporated into the cause of action in the construction action seeking common-law indemnification (*see generally Raquet v Braun*, 90 NY2d 177, 183 [1997]; *County of Westchester v Welton Becket Assoc.*, 102 AD2d 34, 46-47 [1984], *affd* 66 NY2d 642 [1985]).

There is a triable issue of fact as to whether the allegation in the consolidated tenant action that water leaked through the exterior windows, leading to the tenants' damages, arose out of, or implicated, the work of Scottsdale's named insured, Knight

Waterproofing, which, as previously noted, was responsible for "filling . . . the interior joint at windows to gypsum board." Accordingly, there is a triable issue of fact as to whether Scottsdale is required to defend Tocci in the construction action.

American European, American States, Delos, Merchants Mutual, and Zurich correctly argue that there are no allegations in the *Hunter* action that implicate the work of their named insureds. With respect to that action, Archstone can only point to the allegation that Archstone, "its agents, servants, representatives and/or employees were negligent in the . . . construction of the Archstone Complex." It cannot be said, based solely on this general allegation, that the tenants' claims in the *Hunter* action "fall within the risk of loss undertaken by" the subject insurers on behalf of their named insureds (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d at 714). Thus, none of these insurers has a duty to defend Archstone in the *Hunter* action.

As to the consolidated tenant action and the construction action, the allegation in the consolidated tenant action complaint that the tenants' damages were caused, in part, by water infiltration through "cracks, crevices and other openings," potentially implicates the work of ACE's and Zurich's named insured, which was responsible for sealing penetrations through siding, and Liberty Mutual's named insured, which was responsible for "flashing and finish[ing] trim around all rough openings and at penetrations of other trades." The work of American European's named insured, which was responsible for indoor and outdoor plumbing, is potentially implicated by the allegation in the consolidated tenant action that the tenants' damages were caused by water intrusion and leaks in the apartments "due to . . . plumbing problems." The tenants' allegations in the consolidated tenant action that they observed water pooling in the common breezeways and that water entered their apartments from the common breezeways, causing damage, potentially implicate the work of Merchants Mutual's named insured, which performed the concrete work in the common breezeways, and QBE's named insured, which was responsible for the storm drainage system. Lastly, the work of Delos's named insured, which was responsible for installing exterior vinyl windows, is potentially implicated by the allegation in the consolidated tenant action complaint that water leaked through exterior windows, causing damage. Thus, these insurers' arguments that there is no reasonable possibility of coverage for the consolidated tenant action or the construction action must be rejected.

Ohio and Delos attempt, respectively, to invoke a mold exclu-

sion and an "intended use" exclusion in their policies. However, these insurers failed to timely disclaim on those bases and, therefore, are estopped from raising those exclusions (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 190 [2000]; *Parsippany Constr. Co., Inc. v CNA Ins. Co.*, 67 AD3d 658, 659 [2009]).

ACE, American States, and Scottsdale have failed to demonstrate that "the allegations of the complaint[s] cast the pleadings wholly within" the ongoing operations exclusions in their policies (*492 Kings Realty, LLC v 506 Kings, LLC*, 88 AD3d 941, 943 [2011]). The consolidated tenant action alleges that the tenants' damages occurred from 2003-2007, which was the entire period of construction. Whether or not that allegation is meritorious is irrelevant in determining the insurers' duties to defend (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d at 714).

Delos failed to demonstrate that the allegations of the consolidated tenant action and construction action cast the pleadings wholly within its mold exclusion. The tenants allege, in the consolidated tenant action, that some of their property damage was caused by water, but not by mold, such that there is a possible factual and legal basis upon which Delos may be obligated to defend Archstone and Tocci (*see generally Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d at 177-178; *492 Kings Realty, LLC v 506 Kings, LLC*, 88 AD3d at 943).

QBE has also failed to demonstrate the applicability of its "designated work" exclusion. That exclusion exempts from coverage damages arising from construction of any "residential single-family dwelling, townhouse, condominium, cooperative or multi-track [sic] housing development." "[W]henever an insurer wishes to exclude certain coverage from its policy obligations, it must do so 'in clear and unmistakable' language" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984], quoting *Kratzenstein v Western Assur. Co. of City of Toronto*, 116 NY 54, 59 [1889]), and "an ambiguity in an exclusionary clause must be construed most strongly against the insurer" (*Guachichulca v Laszlo N. Tauber & Assoc., LLC*, 37 AD3d 760, 761 [2007]). Here, the term "multi-track housing development," which is undefined in the policy, does not have a "clear and unmistakable" meaning (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d at 311). Thus, "the policy is ambiguous as to whether coverage" for Archstone's and Tocci's "claims has been excluded" (*Tozzi v Long Is. R.R. Co.*, 247 AD2d 466, 467 [1998]). "Because the [subject] exclusion could 'even potentially' be inapplicable," QBE "is obligated to defend its insured" (*Essex Ins. Co. v George E. Vickers, Jr., Enters., Inc.*, 103 AD3d 684, 687 [2013]).

Contrary to Scottsdale's contention, its coverage is not excess over the policies of the other appealing insurers. Scottsdale's policy provides for excess coverage "unless [a] contract specifically requires that [its] insurance be primary." The contract between Tocci and Scottsdale's named insured required the named insured to provide a certificate of insurance, containing the language: " '[Tocci], [and] the Owner [defined as ASOT] . . . are named as Additional Insured[s] on a Primary and Non Contributory Basis.' " This contractual requirement could only reasonably be read to require Scottsdale's named insured to include Tocci and ASOT as additional insureds on a primary basis, such as would allow it to provide the required certificate of insurance (*see Christ the King Regional High School v Zurich Ins. Co. of N. Am.*, 91 AD3d at 807-808).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

Since these are declaratory judgment actions, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring (1) that QBE, ACE, American European, Merchants Mutual, American States, Delos, Liberty Mutual, and Ohio are obligated to defend Tocci in the construction action, (2) that QBE, American European, Merchants Mutual, American States, Delos, Ohio, and Zurich are obligated to defend the defendant/second third-party plaintiff *Archstone-Smith Operating Trust* in the consolidated tenant action, (3) that ACE, Erie, and Hartford are not obligated to defend the defendants/second third-party plaintiffs in the *Hunter* action and the consolidated tenant action, (4) that Liberty Mutual and Penn National are not obligated to defend the defendants/second third-party plaintiffs in the consolidated tenant action, (5) that American European, Merchants Mutual, American States, Delos, and Zurich are not obligated to defend the defendants/second third-party plaintiffs in the *Hunter* action, and (6) that Erie and Penn National are not obligated to defend Tocci in the construction action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Balkin, Dickerson and Cohen, JJ., concur.