St. Paul Fire & Mar. Ins. Co. v Getty Props. Corp. (2024 NY Slip Op 03509)

St. Paul Fire & Mar. Ins. Co. v Getty Props. Corp.

2024 NY Slip Op 03509

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-08465
 (Index No. 616628/18)

[*1]St. Paul Fire and Marine Insurance Company, et al., plaintiffs-respondents, Bedivere Insurance Company, et al., intervenor-plaintiffs-respondents, et al., intervenor-plaintiffs, 
v
Getty Properties Corporation, etc., appellant.

Offit Kurman, New York, NY (Jay M. Levin and Traci S. Rea, pro hac vice, of counsel), for appellant.
Clyde & Co US LLP, New York, NY (Daren S. McNally, Barbara M. Almeida, Meghan C. Goodwin, Kurt N. Campanile, and Daniel B. Palmer of counsel), for plaintiffs-respondents.
White and Williams LLP, New York, NY (Robert F. Walsh, Lynndon K. Groff, and Gregory S. Capps, pro hac vice, of counsel), for intervenor-plaintiff-respondent Bedivere Insurance Company.
Chaffetz Lindsey LLP, New York, NY (Charles J. Scibetta, Cecilia F. Moss, and Joshua D. Anders of counsel), for intervenor-plaintiffs-respondents National Union Fire Insurance Company of Pittsburgh, Pa., AIU Insurance Company, Illinois National Insurance Company, and American Home Assurance Company.

DECISION & ORDER
In an action for declaratory relief, the defendant appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated October 30, 2020. The order granted the plaintiffs' motion, the separate motion of the intervenor-plaintiff Bedivere Insurance Company, and the separate motion of the intervenor-plaintiffs National Union Fire Insurance Company of Pittsburgh, Pa., AIU Insurance Company, Illinois National Insurance Company, and American Home Assurance Company, for summary judgment on the issue of choice of law, and denied the defendant's cross-motions for summary judgment on the issue of choice of law.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
This action concerns the obligations of the plaintiffs and the intervenor-plaintiffs as the issuers of various liability insurance policies to defend or indemnify the defendant in three underlying actions originally commenced in the state courts of New Jersey, Pennsylvania, and Maryland. Facts relevant to this appeal are set forth in our decision and order on a related appeal (see St. Paul Fire & Mar. Ins. Co. v Getty Props. Corp., ___ AD3d ___ [Appellate Division Docket No. 2019-07575; decided herewith]).
The plaintiffs, St. Paul Fire and Marine Insurance Company, Travelers Indemnity Company, Travelers Property Casualty Company of America, and Travelers Casualty and Surety Company, moved for summary judgment on the issue of choice of law, namely, to apply New York law to this action. The plaintiffs argued that in cases involving insurance contracts, choice of law is "usually . . . governed by the law of the state which the parties understood to be the principal location of the insured risk," and that in the case of a policy "cover[ing] risks in multiple states, the state of the insured's domicile[, here, New York,] should be regarded as a proxy for the principal location of the insured risk" (internal quotation marks omitted). Alternatively, the plaintiffs argued that New York law should be applied as the law of the state "most intimately concerned with the outcome of the case," noting, among other things, that the defendant had maintained a principal place of business in New York for decades, the plaintiffs had a significant presence in New York, and all of the applicable policies were issued and delivered to the defendant in New York. The intervenor-plaintiff Bedivere Insurance Company (hereinafter Bedivere) and the intervenor-plaintiffs National Union Fire Insurance Company of Pittsburgh, Pa., AIU Insurance Company, Illinois National Insurance Company, and American Home Assurance Company (hereinafter collectively the AIG insurers) separately moved for the same relief and adopted the plaintiffs' legal arguments.
The defendant opposed the motions and made two separate cross-motions for summary judgment on the issue of choice of law, arguing that the Supreme Court should apply the laws of the respective states where the underlying actions originated in order to determine the plaintiffs' and the intervenor-plaintiffs' insurance coverage obligations with respect to each of the underlying actions. The defendant argued that "a foreign State's sufficiently compelling public policy," here, the interests of New Jersey, Pennsylvania, and Maryland in the remediation of environmental contamination within their borders, precludes the "application of New York law otherwise indicated by the grouping of contacts analysis, particularly where New York's policy is weak or uncertain" in the relevant area of the law (emphasis and internal quotation marks omitted).
In an order dated October 30, 2020, the Supreme Court granted the motions of the plaintiffs, Bedivere, and the AIG insurers, and denied the defendant's cross-motions. The defendant appeals.
"The first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved" (Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223; see QBE Ins. Corp. v Adjo Contr. Corp., 121 AD3d 1064, 1078; Jimenez v Monadnock Constr., Inc., 109 AD3d 514, 516). Assuming a conflict exists, "[i]n contract cases, the court then applies a 'center of gravity' or 'grouping of contacts' analysis in order to determine which State has the most significant relationship to the transaction and the parties" (Jimenez v Monadnock Constr., Inc., 109 AD3d at 516, citing Matter of Midland Ins. Co., 16 NY3d 536, 543, and Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d 309, 317; see Munzer v St. Paul Fire & Mar. Ins. Co., 203 AD2d 770). "The court considers significant contacts such as the place of contracting, the place of negotiation and performance, the location of the subject matter of the contract, and the domicile or place of business of the contracting parties" (Jimenez v Monadnock Constr., Inc., 109 AD3d at 516; see Matter of Unitrin Direct/Warner Ins. Co. v Brand, 120 AD3d 698, 700).
"In the context of liability insurance contracts, the jurisdiction with the most significant relationship to the transaction and the parties will generally be the jurisdiction which the parties understood was to be the principal location of the insured risk . . . unless with respect to the particular issue, some other [jurisdiction] has a more significant relationship" (Matter of Midland Ins. Co., 16 NY3d at 544 [internal quotation marks omitted]). "Where the covered risks are spread over multiple states, 'the state of the insured's domicile should be regarded as a proxy for the principal location of the insured risk'" (Jimenez v Monadnock Constr., Inc., 109 AD3d at 517, quoting Matter of Midland Ins. Co., 16 NY3d at 544; see QBE Ins. Corp. v Adjo Contr. Corp., 121 AD3d at 1078), and "the insured's domicile is the state of its principal place of business" (Appalachian Ins. Co. v Di Sicurata, 60 AD3d 495, 495-496; see Travelers Cas. & Sur. Co. v Honeywell Intl., Inc., 63 AD3d 451, 452). We have previously endorsed "'the principles stated in § 6 [of the Restatement]'" (Second) Conflict of Laws to determine if another jurisdiction has a more [*2]significant relationship to the particular issue (Matter of Unitrin Direct/Warner Ins. Co. v Brand, 120 AD3d at 700, quoting Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d at 318 [internal quotation marks omitted]; see Restatement [Second] of Conflict of Laws § 193). Similarly, "in a proper case, a foreign State's sufficiently compelling public policy could preclude an application of New York law otherwise indicated by the grouping of contacts analysis, particularly where New York's policy is weak or uncertain" (Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d at 319).
Here, the plaintiffs, Bedivere, and the AIG insurers established their prima facie entitlement to judgment as a matter of law on the issue of choice of law. The defendant's liability insurance policies covered risks over multiple states. Therefore, the defendant's principal place of business when the policies were issued, New York, is deemed to be a proxy for the principal location of the insured risk and would ordinarily be the source of the applicable law (see Matter of Midland Ins. Co., 16 NY3d at 544; Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d at 318; QBE Ins. Corp. v Adjo Contr. Corp., 121 AD3d at 1078; Jimenez v Monadnock Constr., Inc., 109 AD3d at 516-517). Contrary to the defendant's contentions, neither New Jersey nor the other states involved in the underlying actions have a more significant relationship to the particular issue or parties in this action (see Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d at 319-321; Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d at 226-227; see also Restatement [Second] of Conflict of Laws § 6[2]; cf. Certain Underwriters at Lloyd's, London v Foster Wheeler Corp., 36 AD3d 17, 23 n 2).
Furthermore, the existence of state-specific endorsements in several of the insurance policies did not raise a triable issue of fact as to whether the parties expected that multiple states' laws would be applied to a future coverage dispute (see Travelers Cas. & Sur. Co. v Honeywell Intl., Inc., 63 AD3d at 452; see also Maryland Cas. Co. v Continental Cas. Co., 332 F3d 145, 154 [2d Cir]). Importantly, the application of New York law to the entirety of this coverage dispute favors the goals of "'certainty, predictability and uniformity of result'" and makes easier the "'application of the law to be applied'" (Certain Underwriters at Lloyd's, London v Foster Wheeler Corp., 36 AD3d at 23, quoting Restatement [Second] of Conflict of Laws § 6[2][f], [g]).
In sum, the grouping of contacts analysis indicates that New York law should be applied to resolve the parties' dispute, and there is not a sufficient public policy basis to deviate from that result.
Accordingly, the Supreme Court properly granted the motions of the plaintiffs, Bedivere, and the AIG insurers for summary judgment on the issue of choice of law, and properly denied the defendant's cross-motions for summary judgment on the issue of choice of law.
LASALLE, P.J., CHAMBERS, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court